UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

**FILED**

JUN 30 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES OF AMERICA :
ON BEHALF AND USE OF :
GERMAN ALDAS HERMANS TOUCH, :
1960 Cherry Hill Rd. :
Dumfries, VA 22026 :

    *Use Plaintiff/Plaintiff,*

v.

**DALCO INCORPORATED OF ARIZONA**
10005 Old Columbia Rd., L-261
Columbia, MD 21046
SERVE:    The Ravens Group, Inc.
    Registered Agent
    1101 Pennsylvania Avenue,
    N.W.; 6th Floor
    Washington, DC 20004

and

**SAFECO INSURANCE COMPANY OF AMERICA**
4333 Brooklyn Avenue, NE
Seattle, WA 98185

SERVE:    Bruce Echigoshima
    Claim Representative
    4854 154th Place, NE
    Rainer Building
    Redmond, WA 98185

    *Defendants.*

CASE NUMBER 1:05CV01351

JUDGE: John D. Bates

DECK TYPE: Contract

DATE STAMP: 06/30/2005

## MILLER ACT COMPLAINT

Use Plaintiff/Plaintiff, GERMAN ALDAS HERMANS TOUCH, by and through undersigned counsel, sues Defendants, DALCO INCORPORATED OF ARIZONA ("DALCO") and SAFECO INSURANCE COMPANY OF AMERICA, and in support thereof states the following:

### I.   INTRODUCTION, PARTIES AND JURISDICTION

1. Plaintiff is an individual resident of the Commonwealth of Virginia residing at the above-captioned address.

2. DALCO is an Arizona corporation that maintains a certificate to transact business in the District of Columbia that may be served through its registered agent, The Ravens Group, Inc., at the address noted above.

3. SAFECO is a Washington corporation that does not maintain a certificate to transact business in the District of Columbia. SAFECO may be served through its Claim Representative, Bruce Echigoshima, at the address noted above.

4. Plaintiff was engaged in the business of supplying wood materials and performing related services to the project entitled *"DC Superior Courts Building B-Interior Improvements"* at 409 E Street, N.W., Building B, Washington, D.C. ("PROJECT"). A copy of the payment bond ("Bond") is attached hereto as **Exhibit "A"**.

5. Plaintiff was acting as a first tier subcontractor under the Bond that was executed and delivered to The United States of America for the protection of all parties supplying labor and/or material in the prosecution of the work provided upon the PROJECT.

6. At all times relevant to this suit, SAFECO transacted business in the District of Columbia and was obligated to perform as surety pursuant to the Bond executed for the PROJECT. This case is brought pursuant to the Miller Act ("ACT"). The jurisdiction of the Court is pursuant to the ACT's provisions at 40 U.S.C. §270(a) *et seq.*

### II.   FACTUAL ALLEGATIONS

7. The allegations set forth and contained in paragraphs 1 through 6 are realleged and incorporated by reference.

8. Plaintiff, entered into a Subcontract Agreement with DALCO to provide wood materials and related services to the PROJECT. *See* **Exhibit "B"**. Pursuant to this Agreement, Plaintiff was to be paid the sum of $230,000.00.

9. In addition to the materials to be provided and the related services to be

performed under the aforesaid Subcontract Agreement, DALCO requested additional materials be provided and related services be performed. Such additional materials and services totaled $92,035.00. *See* **Exhibit "C"**

10. There is currently an outstanding principal balance due and owing in the amount of $113,468.00.

11. Repeated demands have been made by Plaintiff upon DALCO who has failed and/or refused to make payment in the aforementioned principal amount.

12. All of Plaintiff's materials were merchantable, his services were performed correctly and his materials and services were priced pursuant to industry standard.

### III. CLAIMS FOR RELIEF

#### A. (Bond Payment)

13. The allegations set forth and contained in paragraphs 1 through 12 are realleged and incorporated by reference.

14. Plaintiff is a first tier subcontractor under the Bond which was executed and delivered to The United States of America for the protection of all parties supplying labor and material in the prosecution of the work provided for on the PROJECT.

15. All other necessary precedent conditions for the maintenance of the suit have been performed or have occurred and the suit is brought in a timely manner pursuant to the ACT.

16. The suit has been brought after 90 days from the last day of delivery of products and/or the performance of services and before the expiration of one (1) year from the last date of delivery of products and/or performance of services relative to the PROJECT

WHEREFORE, Plaintiff demands judgment against Defendants, both jointly and severally, in the amount of $113,468.00, plus statutory pre-judgment interest from 7/12/04, reasonable attorney's fees and costs of this action.

#### B. (Breach of Contract)

17. The allegations set forth and contained in paragraphs 1 through 16 are realleged and incorporated by reference.

18. DALCO requested and received from Plaintiff materials and/or services in the amount of $322,035.00.

19. Plaintiff and DALCO entered into a written contract whereby DALCO agreed to pay for materials delivered to, and services performed on, the PROJECT (*See* **Exhibit "B"**).

20. Plaintiff has made repeated demand upon DALCO for payment that has failed and/or refused to make payment in the amount of $113,468.00.

21. Plaintiff is entitled to interest at the legal rate from 7/12/04 on the outstanding balance.

22. Continuous and numerous statements of account were forwarded to DALCO demanding payment of the aforementioned amount.

23. The statements were never returned by DALCO nor were they objected to.

WHEREFORE, Plaintiff demands judgment against DALCO in the amount of $113,468.00, plus interest at the legal rate from 7/12/04 and court costs.

### C. (Quantum Meruit/Unjust Enrichment)

24. The allegations set forth and contained in paragraphs 1 through 23 are realleged and incorporated by reference.

25. DALCO requested and received from Plaintiff materials and/or services in the amount of $322,035.00.

26. The fair market value of the materials and/or services supplied by Plaintiff for which payment has not been received is $113,468.00.

27. The value of the benefit conferred upon DALCO by Plaintiff's supply of materials and/or services for payment not received is $113,468.00.

28. DALCO had knowledge of Plaintiff's supply of materials and/or services to the PROJECT.

29. DALCO has retained and utilized the aforesaid materials and/or services.

30. DALCO has not paid Plaintiff or any other party for the aforesaid materials and/or services on the outstanding amount.

31. Plaintiff is entitled to the value of the materials and/or services rendered in the amount of $322,035.00.

WHEREFORE, Plaintiff demands judgment against DALCO in the amount of $113,468.00, plus interest at the legal rate from 7/12/04 and court costs.

Respectfully submitted,

LEGUM & WILK, P.L.C.

By: _____

Adam R. Wilk, #418676
4004 Williamsburg Court
Fairfax, VA  22032
(703) 385-6700

Counsel for Plaintiff

## AFFIDAVIT

BE IT REMEMBERED that on this 6TH day of June 2005, before me, the undersigned subscriber, a Notary Public in and for the aforesaid jurisdiction, personally appeared GERMAN ALDAS HERMANS TOUCH wh,o after being duly sworn, deposes and says that DALCO INC. OF ARIZONA and SAFECO INSURANCE COMPANY OF AMERICA are jointly and severally indebted to GERMAN ALDAS HERMANS TOUCH in the sum of $113,468.00, together with interest thereon at the legal rate from 7/12/05, reasonable attorney's fees and court costs, that none of this sum has been paid and that there are no set-offs or counter-claims due the defendant; that said affiant further testifies and swears under oath that to the best of his knowledge and belief that defendants are not members of the Armed Forces of the United States or one of its allies.

_____

STATE OF:
COUNTY OF:

SUBSCRIBED AND SWORN to before me on the 6th day of June, 2005.

_____
Notary Public

My Commission Expires:
10/31/2007