1                 **IN THE UNITED STATES DISTRICT COURT**
                       **FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o GERMAN ALDAS HERMANS TOUCH,<br><br>      Use Plaintiff/Plaintiff,<br><br>v.<br><br>DALCO INCORPORATED OF ARIZONA and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>      Defendants. | Case Number:  1:05CV01351<br>Judge:  John D. Bates<br>Deck Type:  Contract |

## **ANSWER TO COMPLAINT**

      Defendant Safeco Insurance Company of America ("Safeco"), by its undersigned counsel, answers Plaintiff's Complaint as follows:

      1.     Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

      2.     Safeco admits, on information and belief, that Dalco is an Arizona corporation authorized to do business in the District of Columbia but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

      3.     Safeco admits that it is a Washington corporation but denies the remaining allegations of Paragraph 3.

      4.     Safeco admits, on information and belief, the allegations of the first sentence of Paragraph 4 and admits that an unsigned copy of the payment bond (the "Bond") is attached to the Complaint as Exhibit "A".

5. Safeco denies the allegations of Paragraph 5.

6. Safeco admits that at the time work on the Project (as that term is defined in the Complaint) was going on, Safeco transacted business in the District of Columbia and that it was surety on the Bond, but states that the Bond is a written document and is the only evidence of its terms and denies any characterization of those terms, and denies the remaining allegations of the first sentence of Paragraph 6. The allegations of the second and third sentences of Paragraph 6 state legal conclusions to which no response is required.

7. Safeco incorporates by reference its responses to the allegations of Paragraphs 1 through 6 as its response to the allegations of Paragraph 7.

8. In response to the allegations of Paragraph 8, Safeco admits, on information and belief, that Plaintiff entered into a Subcontract Agreement with Dalco and that a copy thereof is attached to the Complaint as Exhibit "B". Safeco further states that the Subcontract Agreement is a written document and is the only evidence of its terms and denies any characterization of those terms.

9. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and states that parts of Exhibit "C" are illegible.

10. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13. Safeco incorporates by reference its responses to the allegations of Paragraphs 1

through 12 as its response to the allegations of Paragraph 13.

    14.    In response to the allegations of Paragraph 14, Safeco admits, on information and belief, that Plaintiff had a contract with Dalco and admits that Safeco executed the Bond in the form attached to the Complaint as Exhibit "A", states that the Subcontract and the Bond are written documents and are the only evidence of their terms, and denies any characterization of those terms.

    15.    Safeco denies the allegations of Paragraph 15.

    16.    Safeco admits, on information and belief, that Plaintiff's suit has been brought after 90 days from the last day of delivery of products and/or the performance of services but denies the remaining allegations of Paragraph 16.

    17.    Safeco incorporates by reference its responses to the allegations of Paragraphs 1 through 16 as its response to the allegations of Paragraph 17.

    18.    Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

    19.    In response to the allegations of Paragraph 19, Safeco admits, on information and belief, that Plaintiff and Dalco entered into the Subcontract Agreement, states that the Subcontract Agreement is a written document and is the only evidence of its terms, and denies any characterization of those terms.

    20.    Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

    21.    Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

    22.    Safeco is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 22.

23.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24.   Safeco incorporates by reference its responses to the allegations of Paragraphs 1 through 23 as its response to the allegations of Paragraph 24.

25.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31.   Safeco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.   Safeco denies the allegations of the Affidavit attached to the Complaint, except Safeco admits it is not a member of the Armed Forces of the United States or one of its allies.

33.   Safeco denies all allegations of the Complaint and the Affidavit not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by Plaintiff's failure to bring suit within the time period set forth in 40 U.S.C. § 3133(b)(4).

2. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to satisfy the requirements of the Miller Act, 40 U.S.C. § 3131 *et seq*.

3. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to satisfy the requirements and conditions of the Bond.

4. Plaintiff's claims are barred in whole or in part to the extent they are for labor and materials furnished at the request of the Project owner and not at the request of Dalco.

5. Plaintiff's claims may be barred in whole or in part by prior breach of Subcontract Agreement, including but not limited to Plaintiff's defective work, damage to the Project caused by Plaintiff, and delay of the Project caused by Plaintiff.

6. Plaintiff's claims may be barred in whole or in part by set-off for damages including damages caused by Plaintiff's defective work, damage to the Project caused by Plaintiff, and delay of the Project caused by Plaintiff.

7. Plaintiff's claims may be barred in whole or in part by payment.

8. Plaintiff's claims may be barred in whole or in part by release.

9. Plaintiff's claims may be barred in whole or in part by waiver.

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Safeco respectfully requests that the Complaint be dismissed with prejudice as against Safeco and that Safeco be awarded its costs and such other and further relief as this Court deems just.

DATED this 16th day of August 2005.

          /s/
Robert F. Carney
D.C. Bar No. 436999
Cynthia Rodgers-Waire
D.C. Bar No. 444095
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, Maryland  21202
(410) 347-8700

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2005, a copy of the foregoing Answer to Complaint was mailed via first class and/or by electronic mail to Adam R. Wilk, Legum & Wilk, P.L.C., 4004 Williamsburg Court, Fairfax, Virginia 22032.

          /s/
Cynthia Rodgers-Waire

*1633718*