IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA ON BEHALF AND USE OF GERMAN ALDAS trading as HERMANS TOUCH | * |
| Plaintiff | * |
| v. | * Civil Court Action No:   1:05CV01351 |
| DALCO INCORPORATED OF ARIZONA | * |
| and | * |
| SAFECO INSURANCE COMPANY OF AMERICA | |
| Defendants | |

\*   \*   \*   \*   \*   \*         \*   \*   \*   \*   \*

## ANSWER TO COMPLAINT

Defendant Dalco Incorporated of Arizona (hereinafter "Dalco"), by its undersigned counsel, answers Plaintiff's Complaint as follows:

1. Dalco is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. Dalco admits that it is an Arizona Corporation but denies the remaining allegations of Paragraph 2.

3. Dalco admits, upon information and belief, that Safeco is a Washington corporation but denies the remaining allegations of Paragraph 3.

4. Dalco admits, upon information and belief, the allegations in the first sentence of Paragraph 4 and admits that an unsigned copy of the payment bond (the "Bond") is attached to the Complaint as Exhibit "A".

5. Dalco denies the allegations of Paragraph 5.

6. Dalco admits, upon information and belief, that at the time work was commencing on the project, Safeco transacted business in the District of Columbia and that it was surety on the Bond, but states that the Bond is a written document and it is the only evidence of its terms and denies any characterization of those terms, and denies the remaining allegations of the first sentence of Paragraph 6. The allegations as to the second and third sentences of Paragraph 6 state legal conclusions to which no response is required.

7. Dalco incorporates by reference its responses to the allegations of Paragraphs 1 through 6 as its response to the allegation in Paragraph 7.

8. Dalco admits that it entered into a Subcontract Agreement with Plaintiff and that portions thereof are attached to the Complaint as Exhibit "B". Dalco further states that the Subcontract is a written document and is the only evidence of its terms and denies any characterization of those terms.

9. Dalco denies the allegations in Paragraph 9.

10. Dalco denies the allegations in Paragraph 10.

11. Dalco denies the allegations in Paragraph 11.

12. Dalco denies the allegations in Paragraph 12.

13. Dalco incorporates by reference its responses to the allegations of Paragraphs 1 through 12 as its response to the allegation in Paragraph 13.

14. Dalco admits that it had a Subcontract Agreement with Plaintiff and admits that Safeco executed a payment bond in the form attached to the Complaint as Exhibit "A," Dalco further states that the Subcontract and the Bond are written documents and are the only evidence of their terms and denies any characterization of those terms.

15. Dalco denies the allegations in Paragraph 15.

16. Dalco admits that more than ninety (90) days expired after the last labor or materials were supplied by Plaintiff but denies the remaining allegations in Paragraph 16.

17. Dalco incorporates by reference its responses to the allegations of Paragraphs 1 through 16 as its response to the allegation in Paragraph 17.

18. Dalco denies the allegations in Paragraph 18.

19. Dalco admits that it entered into a Subcontract Agreement with Plaintiff but further states that the Subcontract Agreement is a written document and is the only evidence of its terms and denies any characterization of those terms.

20. Dalco admits that Plaintiff has made claim for more money and denies the remaining allegations of Paragraph 20.

21. Dalco denies the allegation in Paragraph 21.

22. Dalco denies the allegations of Paragraph 22.

23. Dalco denies the allegations in Paragraph 23.

24. Dalco incorporates by reference its responses to the allegations of Paragraphs 1 through 23 as its response to the allegation in Paragraph 24.

25. Dalco denies the allegations in Paragraph 25.

26. Dalco denies the allegations in Paragraph 26.

27. Dalco denies the allegations in Paragraph 27.

28. Dalco denies the allegations in Paragraph 28.

29. Dalco admits that it has retained and utilized the services and materials provided by the Plaintiff for the Project to the extent that it has made final payment for all such materials and services but denies any remaining allegation in Paragraph 29.

30. Dalco denies the allegations in Paragraph 30.

31. Dalco denies the allegations in Paragraph 31.

32. Dalco denies the allegations in the Affidavit attached to the Complaint, except that Dalco admits it is not a member of the Armed Forces of the United States of one of its allies.

33. Dalco denies all allegations of the Complaint and the Affidavit not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by Plaintiff's failure to bring suit within the time period set forth in 40 U.S.C. § 3133(b)(4).

2. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to satisfy the requirements of the Miller Act, 40 U.S.C. § 3131 *et seq*.

3. Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to satisfy the requirements and conditions of the Bond.

4. Plaintiff's claims are barred in whole or in part to the extent they are for labor and materials furnished at the request of the Project owner and not at the request of Dalco.

5. Plaintiff's claims may be barred in whole or in part by prior breach of Subcontract Agreement, including but not limited to Plaintiff's defective work, damage to the Project caused by Plaintiff, and delay of the Project caused by Plaintiff.

6. Plaintiff's claims may be barred in whole or in part by set-off for damages including damages caused by Plaintiff's defective work, damage to the Project caused by Plaintiff, and delay of the Project caused by Plaintiff.

7. Plaintiff's claims may be barred in whole or in part by payment.

8. Plaintiff's claims may be barred in whole or in part by release.

9. Plaintiff's claims may be barred in whole or in part by waiver.

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Dalco respectfully requests that the Complaint be dismissed with prejudice as against Dalco and that Dalco be awarded its costs and such other and further relief as this Court deems just.

DATED this 08th day of December 2005.

                                                                          /s/
                                          Robert F. Carney
D.C. Bar No. 436999
Cynthia Rodgers-Waire
D.C. Bar No. 444095
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, Maryland  21202
(410) 347-8700

Attorneys for Defendants,
DALCO INCORPORATED OF
ARIZONA and SAFECO
INSURANCE COMPANY OF
AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2005, a copy of the foregoing Answer to Complaint was mailed via first class and/or by electronic mail to Adam R. Wilk, Legum & Wilk, P.L.C., 4004 Williamsburg Court, Fairfax, Virginia 22032.

                                                                          /s/
                                          Cynthia Rodgers-Waire

*1653912*