IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA<br>ON BEHALF AND USE OF GERMAN<br>ALDAS, TRADING AS HERMANS<br>TOUCH | * | |
| Plaintiff | * | |
| v. | * | Civil Court Action No:   1:05-CV-01351 |
| DALCO INCORPORATED OF<br>ARIZONA, ET AL. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SET ASIDE ENTRY OF DEFAULT

Dalco Incorporated of Arizona ("Dalco"), by its undersigned counsel, requests this Court to Grant its Motion to Set Aside Entry of Default and in support states as follows:

### Factual Background

1) Plaintiff German Aldas, trading as Hermans Touch ("Aldas") filed suit pursuant to the Miller Act on June 30, 2005.

2) One of the Defendants, Safeco Insurance Company of America ("Safeco"), was served on August 10, 2005.

3) As of the time Safeco was served its summons and complaint the other Defendant, Dalco, had yet to be served.

4) The Court reissued a summons for Dalco on August 15, 2005.

5) While Dalco had yet to be served, counsel for Plaintiff Aldas and counsel for Safeco began communicating and creating a schedule for discovery.

6) After many failed attempts at service, the Plaintiff was finally able to serve Dalco on November 7, 2005. According to the summons, an Answer from Dalco was to be filed twenty-one days later, on November 28, 2005.

7) A Request for an Entry of Default against Dalco was filed by Plaintiff Aldas on December 6, 2005.

8) Dalco filed an Answer on December 8, 2005.

9) On January 10, 2006 the parties received an Order of Default signed by the Deputy Clerk of the Court on December 6, 2005.

### Argument

Federal policy is that trial is favored over default judgment as the preferred resolution of cases. Whelan v. Abell, 310 U.S. App. D.C. 396 (D.C. Cir. 1995); Jackson v. Beech, 205 U.S. App. D.C. (D.C. Cir. 1998); and Keegel v. Key West & Caribbean Trading Co., 200 U.S. App. D.C. 319, 627 F.2d 372, 373 (D.C. Cir. 1980). Once an entry of default has been ordered, a court may set is aside on good cause shown. Fed. R. Civ. P. 55. The Court may assess whether the default is willful, whether the defendant has presented a meritorious defense, and whether the plaintiff would suffer substantial prejudice by a decision to set aside the default. Jackson v. Beech, 205 U.S. App. D.C. (D.C. Cir. 1998).

Based on the factors set forth in the Beech case, the entry of default should be set aside in this case. Dalco was a difficult entity to locate. Not only did the Plaintiff's

counsel have a difficult time serving Dalco its complaint and summons, but Safeco also had difficulties communicating with Dalco when it became necessary to do so. It wasn't until after the time for filing an answer that Safeco and Dalco were able to work out an arrangement of joint representation. Dalco's answer was filed December 8, 2005, a mere two (2) days after the Plaintiff moved for default. A copy of Dalco's Answer is attached hereto as **Exhibit A**. In addition, the parties did not receive the Clerk's Order granting the entry of default until January 10, 2006 even though the Order states it was granted on December 6, 2005. A whole month has passed since the entry of default and yet Dalco thought the Court had accepted its Answer when it filed it in December. A true and accurate copy of the Court's Notice that Dalco's Answer had been accepted is attached hereto as **Exhibit B**.

Dalco has a meritorious defense to the Plaintiff's complaint and it is the same defense that Safeco has been exerting since the beginning of discovery. As the principal and the surety on the project at issue, both entities are alleging that the Plaintiff's claim is time-barred by the statute of limitations and that the Plaintiff is not owed any additional money. Plaintiff Aldas and Safeco have been conducting discovery on this issue and are preparing for the Court's deadline of January 15, 2006. There will be no requests for changes of this deadline based on the entry of Dalco, especially since all the relevant facts, circumstances and legal issues are identical.

Because Safeco and Dalco have raised the same defense to Plaintiff's claims, there is not any prejudice to the Plaintiff if the entry of default against Dalco was set aside. The Plaintiff will not be exposed to any additional parties, claims, witnesses, or

pleadings. In fact, Safeco's counsel will continue to take the lead and argue the same issues that have been discussed between the parties since the beginning of discovery.

Based on the difficulty of locating Defendant Dalco, the short amount of time between the entry of default and Dalco's Answer and the lack of prejudice to the Plaintiff, Defendant Dalco has provided good cause for this Court to set aside the entry of default against it.

WHEREFORE, the Defendants Dalco Incorporated of Arizona and Safeco Insurance Company of America, respectfully request this Court to GRANT its Motion to Set Aside Entry of Default and accept Dalco's Answer to the complaint.

/s/_____
Cynthia Rodgers-Waire (Bar No. 444095)
Robert F. Carney (Bar No.436999)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Jane Saidon Dudley (Bar No. 459595)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036
(202) 659-6800

Attorneys for Defendants,
DALCO INCORPORATED OF ARIZONA, AND SAFECO INSURANCE COMPANY OF AMERICA.

## Statement of Points and Authorities
1) Fed. R. Civ. P. 55;
2) Whelan v. Abell, 310 U.S. App. D.C. 396 (D.C. Cir. 1995);
3) Jackson v. Beech, 205 U.S. App. D.C. (D.C. Cir. 1998);
4) Keegel v. Key West & Caribbean Trading Co., 200 U.S. App. D.C. 319 (D.C. Cir. 1980).

## Statement of Good Faith Effort to Confer

I, Nichole Velasquez, solemnly swear and affirm under the penalties of perjury that I contacted Adam R. Wilk, attorney for Plaintiff German Aldas, trading as Hermans Touch, on January 12, 2005, via telephone. I spoke with Mr. Wilk who informed me that he does NOT consent to the motion, but does not oppose its filing.

_____
Nichole Velasquez, Esquire
*Attorney for Dalco Insurance Company of Arizona
and Safeco Insurance Company of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2006, a copy of the foregoing Motion was electronically filed and/or sent by first-class mail to: Adam R. Wilk, Legum & Wilk P.L.C, 4004 Williamsburg Court, Fairfax, VA 22032, Attorney for Plaintiff.

_/s/_____
Robert F. Carney

*1659057*