IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA          *
ON BEHALF AND USE OF GERMAN
ALDAS, trading as  HERMANS TOUCH

    Plaintiff                            *

v.                                    *    Civil Court Action No: 1:05cv01351

DALCO INCORPORATED OF                 *
ARIZONA, ET AL

    Defendants                          *

    *    *    *    *    *    *    *    *    *    *    *

## MOTION FOR SUMMARY JUDGMENT

Safeco Insurance Company of America ("Safeco") and Dalco Incorporated of Arizona ("Dalco"), by their undersigned attorney, hereby file this Motion for Summary Judgment and accompanying Memorandum, and request this Court to enter an Order in their favor and against the Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure and the United States District Court for the District of Columbia Local Rule 56.1.

Plaintiff The United States of America on behalf and use of German Aldas, trading as Hermans Touch ("Aldas"), has not complied with the requirements as set forth in  40 U.S.C. §1331 – 1334 (2005),  also known as the Federal Miller Act (the "Act"). According to the Act, any claim must be brought within one year of the day on which the last of the labor was performed or material was supplied by the person bringing the action. Plaintiff Aldas can provide no evidence to support his allegation that his claim was timely filed.

The grounds for this motion are fully set forth in the accompanying Memorandum in Support of Defendant's Motion for Judgment, incorporated herein by reference.  The Court's attention is also respectfully directed to Defendants' proposed Order attached hereto.

WHEREFORE, Safeco and Dalco respectfully request that their Motion for Summary Judgment be granted in its entirety, that judgment be granted in their favor and against Plaintiffs as to each and every claim in the Complaint, that they be awarded their costs in this action, and that the Court grant Safeco and Dalco such other and further relief as it may deem just and appropriate.


___/s/_____
Cynthia Rodgers-Waire (Bar No. 444095)
Robert F. Carney (Bar No. 436999 )
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Jane Saidon Dudley (Bar No.459595)
Whiteford, Taylor & Preston L.L.P.
1025 Connecticut Avenue, N.W.
Suite 400
Washington, D.C.  20036
(202) 659-6800


Attorneys for Defendants,
DALCO INCORPORATED OF ARIZONA, and
SAFECO INSURANCE COMPANY OF
AMERICA

## Statement of Points and Authorities

1) Federal Rule of Civil Procedure 56;
2) United States District Court for the District of Columbia Local Rule 56.1;
3) 40 U.S.C. §1331 et seq. (also known as the Federal Miller Act);
4) Nader v. de Toledano, 408 A.2d 31 (D.C. 1979);
5) Taylor v. Eureka Inv. Corp., 482 A.2d 354 (D.C. 1984);
6) Beard v. Goodyear Tire and Rubber Co., 587 A.2d 195, 198 (D.C. 1991);
7) Bemberry v. Dist. of Columbia, 852 A.2d 938 (D.C. 2004);
8) Brown v. Consol. Rail Corp. 717 A.2d 309, 311 (D.C. 1998);
9) Dunaway v. International Brotherhood of Teamsters, 310 F.3d 758 (D.C. Cir. 2002);
10) Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986);
11) Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986);
12) United States ex rel. Joseph T. Richardson, Inc., v. E.J.T. Constr. Co., Inc., 453 F.Supp. 435 (D.Del. 1978);
13) United States ex rel. Interstate Mech. Contrs., Inc. v. International Fidelity Insurance Company,  200 F.3d 456  (6th Cir. 2000);
14) United States for the use of Billows Elec. Supply Co. v. E.J.T. Constr. Co., Inc., 517 F. Supp. 1178, 1181 (E.D. Pa.1981), aff'd 688 F.2d 827 (3rd Cir.), cert. denied, 459 U.S. 856 (1982);
15) United States for the use of Magna Masonry, Inc., v. R.T. Woodfield, Inc., 709 F.2d 249, 250 (4th Cir. 1983);
16) United States ex rel. Austin v. Western Elec. Co., 337 F.2d 568, 572 (9th Cir. 1964);
17) United States for the use of State Elec. Supply Co. v. Hesselden Constr. Co., 404 F.2d 774, 776 (10th Cir. 1968);
18) United States of America for the use and benefit of T.L. Wallace Constr. Inc., v. Fireman's Fund Ins. Co., 790 F. Supp. 680 (S.D.Miss. 1992).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA          *
ON BEHALF AND USE OF GERMAN
ALDAS, trading as  HERMANS TOUCH

    Plaintiff                              *

v.                                     *   Civil Court Action No: 1:05cv01351

DALCO INCORPORATED OF                  *
ARIZONA, ET AL

    Defendants                          *

    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Safeco Insurance Company of America ("Safeco") and Dalco Incorporated of Arizona ("Dalco"), by their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and the United States District Court for the District of Columbia Local Rule 56.1, hereby submit this Memorandum in Support of their Motion for Summary Judgment. The Defendants request this Court to grant their Motion because Plaintiff's claim is barred by the limitations period set forth in 40 U.S.C. §§ 1331 - 1334 (2005) also known as the Federal Miller Act (the "Act").

## UNDISPUTED STATEMENT OF FACTS

Dalco Incorporated of Arizona ("Dalco") was the general contractor on a project known as the D.C. Superior Courts Building B- Interior Improvements (the "Project"). As required by the Act, Dalco posted a payment bond, no. 9000-0045 (the "Bond"), in the amount of Ten Million, Three Hundred Eighty-Four Thousand

Dollars ($10,384,000.00) for the Project. The Bond was issued by Safeco, as surety, and Dalco, as principal, on behalf of the United States of America, through the General Services Administration ("GSA"), as obligee. The Project consisted of renovations to two (2) floors of Building B of the D.C. Superior Courthouse. Tingey Construction Company ("Tingey") was technically a subcontractor on the Project but provided many of the services of a general contractor, such as management authority, labor relations, hiring of subcontractors and negotiations on behalf of Dalco. The other subcontractors took their assignments, negotiated change orders and reported directly to representatives of Tingey[1].

Plaintiff The United States of America on Behalf and Use of German Aldas, trading as Hermans Touch ("German Aldas") was a subcontractor for the Project. According to his subcontract (the "Subcontract"), his scope of work included,

> Strip and re-finish as per plans and specifications all wood paneling in courtrooms.
> Strip and re-finish Judges Benches.
> Strip and re-finish existing door casings as directed by General Contractor.
> Provide proper ventilation in all rooms where stripping or re-finishing is in progress.
> Stain and finish radiator covers and wood columns adjacent to wood windows.
> Clean up and remove own garbage from job site.

---

[1] As the Project progressed, the relationship between Dalco and Tingey broke down and Dalco terminated Tingey from the Project in November 2004. Tingey remained off the Project for a few months. During that time, Dalco took over all of the responsibilities that Tingey previously held. By spring 2004, Tingey was reinstated with its authority on the Project.

A true and accurate copy of Plaintiff's subcontract is attached hereto as **Exhibit A**. The Subcontract was in the amount of Two Hundred and Thirty Thousand Dollars ($230,000.00).

On June 30, 2005, Plaintiff filed a complaint pursuant to the Act, alleging that he was owed an additional One Hundred and Thirteen Thousand, Four Hundred and Sixty-Eight Dollars ($113,468.00) for additional services he was asked to perform while working on the Project. Plaintiff claims, without any documentary support, that he was last working on the Project on July 12, 2004 performing punch-list items[2].

## STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings, depositions, and answers to interrogatories show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Nader v. de Toledano, 408 A.2d 31 (D.C. 1979); Fed. R. Civ. P. 56(c). This is the same standard as that for granting directed verdicts and judgments notwithstanding the verdict. Taylor v. Eureka Inv. Corp., 482 A.2d 354 (D.C. 1984). The moving party must show the absence of any genuine issue as to material fact. Beard v. Goodyear Tire and Rubber Co., 587 A.2d 195, 198 (D.C. 1991). The non-moving party's *conclusory* allegations are not sufficient to defeat the entry of summary judgment. *Id.* at 198 (emphasis added). The non-moving party must establish the existence of a dispute of material fact with more than a scintilla of

---

[2] A punch-list is often created by the Owner of a Project after the work is substantially completed and sets forth all the remaining items for the Contractor to complete. It may contain reparative work, such as paint that was chipped during construction, items that were improperly performed and clean-up that needs to occur.

evidence, and must adduce evidence from which the jury could reasonably find in its favor. <u>Bemberry v. Dist. of Columbia</u>, 852 A.2d 938 (D.C. 2004); <u>Brown v. Consol. Rail Corp</u>. 717 A.2d 309, 311 (D.C. 1998).

Moving parties are entitled to summary judgment when they demonstrate the absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. <u>Dunaway v. International Brotherhood of Teamsters</u>, 310 F.3d 758 (D.C. Cir. 2002). While the non-moving parties bear the ultimate burden of proof at trial "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing' – that is pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). As will be demonstrated herein, Defendants Safeco and Dalco satisfy this burden under Rule 56 of the Federal Rule of Civil Procedure.

To defeat summary judgment, Plaintiff must produce evidence on which a jury might rely, and the admission of "factual disputes that are irrelevant or unnecessary will not be counted." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 248 (1986). A plaintiff who has not made a sufficient showing should not be allowed to require a defendant to "undergo the considerable expense of preparing for and participating in a trial." *See* <u>Catrett</u>, 477 U.S. at 323-24.

## ARGUMENT

For purposes of this Motion, Defendants will assume that all of Plaintiff's allegations regarding the amount of money he is allegedly owed are true. The Defendants do not waive any of their rights and reserve the right to attack such

allegations at a later time.  This Motion will only address the Plaintiff's failure to comply with the Act's mandatory requirements regarding the timeliness of bringing forth a claim. A claim pursuant to the Act must be brought "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action" 40 U.S.C. §3133(b)(4). Plaintiff filed his lawsuit on June 30, 2005. For the Plaintiff's action to be timely, he must prove that he was working pursuant to his contractual obligations for the Project on June 30, 2004 or anytime thereafter. The Plaintiff contends that he was on the Project on July 12, 2004 performing punch-list items (*See*, Answer to Interrog. 8). Plaintiff has provided no documentation or any other evidence for this allegation and cannot maintain this action as a matter of law.

A. **Plaintiff German Aldas has not produced *any* evidence to demonstrate his compliance with the limitation period set forth in the Act.**

Safeco propounded its discovery requests on the Plaintiff on August 31, 2005. In its request for production of documents, Safeco requested all documents, job costs records, change orders, payment requests, correspondence and any other document related to the Project to support the Plaintiff's allegations as set forth in the complaint, including in particular, allegations of the date of last work. A true and accurate copy of Safeco's Request for Production of Documents is attached hereto as **Exhibit B**. In response, Plaintiff produced a total of thirty-eight documents. A true and accurate copy of Plaintiff's document production is attached as **Exhibit C**.

Safeco propounded thirteen (13) interrogatories to the Plaintiff, including a question requesting the Plaintiff to identify the last day he worked on the Project and any documentation, communication, or other means to support his answer. A true and accurate copy of Safeco's First Set of Interrogatories to Plaintiff is attached hereto as **Exhibit D**.  In response to that interrogatory, Plaintiff wrote, "Plaintiff last did 'punch list' work in the project on July 12, 2004." All of the responses to each of the Safeco's interrogatories totaled only six (6) pages (and that included a restatement of the question). A true and accurate copy of Plaintiff's Answers to Interrogatories is attached hereto as **Exhibit E**.

Plaintiff did not state any objections to any of Defendant's discovery requests. The lack of evidence and documentation produced by Plaintiff to support his One Hundred Thirteen Thousand, Four Hundred and Sixty-Eight Dollar ($113,468.00) claim caused Defendant Safeco to send a letter to Plaintiff's counsel regarding the lack of adequate responses. A true and accurate copy of counsel's letter is attached hereto as **Exhibit F**. Counsel for the Plaintiff verbally indicated that the documents produced in response to Safeco's document request consisted of Plaintiff's entire file and that there was no additional paperwork to support his claim. A through investigation of Plaintiff's discovery production reveals that he has produced no evidence to support his allegation that he was on the Project on July 12, 2004.

Plaintiff's interrogatory responses indicate that there is no support for his allegation that he was on the Project on July 12, 2004. Aside from his own assertion, Plaintiff has provided the name of a job inspector, Mohsen Grayeli,

that Plaintiff claims will verify his presence on the Project in July 2004.  Mohsen

Grayeli is an employee of CMDR Associates, a company hired directly by the

D.C. Superior Courts to represent their interest in the Project. Plaintiff claims that

Mr. Grayeli can verify that he was working on punch-list items in July 2004.

Counsel for the Defendants spoke with Mr. Grayeli several times, including on

1/10/06, 1/11/06 and 1/18/06. During those conversations with Mr. Grayeli, he

indicated that he thought the Plaintiff was performing punch-list work sometime in

June 2004. Mr. Grayeli would not agree to sign an affidavit verifying any of the

dates he believed Plaintiff was working on the Project. He also stated that he

could find no documentation to support the dates Plaintiff was last on the Project.

A true and accurate copy of an Affidavit from Defendants' counsel recounting the

conversation with Mohsen Grayeli is attached hereto as **Exhibit G**. Without

Mohsen Grayeli to support his allegations, Plaintiff can produce no other witness

to prove his compliance with the Act.

The documents produced by Plaintiff, which consist of his entire file on the

Project, also do not support his allegation that he was performing punch list work

on July 12, 2004. There are no labor records, certified payroll, daily reports, job

cost data, or invoices, all requested by Safeco. These are the types of

documents usually found in a contractor's file and such documents would likely

track the exact days spent on the Project.

Plaintiff has produced five (5) 'Conditional Waiver and Release Upon

Progress Payment' documents, a check from Dalco in the amount of Forty-four

Thousand Dollars ($44,000.00), and 'Conditional Release of all Claims' faxed to

him by Tingey Construction Company in September 2004. The last waiver and release document is dated June 11, 2004. These documents represent when the Plaintiff last received a payment, not when the Plaintiff was actually on the Project. Even if it was somehow indicative of when the Plaintiff last performed on the Project, the date of June 11, 2004 is still outside of the limitations period set forth by the Act. The authenticity of these documents is questionable because they are signed and dated solely by the Plaintiff and not by any representative of Dalco, Tingey or Safeco.

Other documents produced by the Plaintiff include fourteen (14) job invoices ranging in number from 0125 to 0191 and which Plaintiff claims are change orders. All of the invoices are solely in Plaintiff's handwriting, or typewritten, and two sets of these invoices are near duplicates of each other. The writing on these invoices is extremely difficult to read, sans the parts that are type-written. The signature in the 'authorized signature' line in each of the invoices where there is a signature (three (3) do not contain any signature) is that of the Plaintiff, not any representative from Dalco, Tingey or Safeco. A valid change order must contain the signature of an authorized representative of Dalco as per the requirements of the Subcontract.

The dates on all of the invoices are prior to June 30, 2004. Invoices 0125, 0126, 0188, 0189, 0190 and 0191 are all dated June 30, 2003; Invoice 0148 is dated October 26, 2003; and Invoices 0151, 0152, 0153 and 0154 have no date at all. All of these dates fall outside of the limitations period as set forth in the act. Plaintiff has handwritten the following statements, 'Approved by Ryan & Corey' or

'Approved by Ryan Carney' on several of the alleged invoices/change orders. It is very difficult to construe the name of the person Plaintiff has written in, but regardless, there was no employee or representative of Dalco or Tingey by that name. The authenticity of these documents is highly questionable because there is no way of knowing when they were written, if the dates are accurate and what they are supposed to represent. These invoices do not support Plaintiff's allegations that he was performing punch-list work on July 12, 2004.

The Plaintiff has produced every document he has to support his claim and absolutely none of them can verify that he was on the Project within the time period required to maintain a claim under the Act. All the Plaintiff has produced is his own self-serving statement that he was on the Project on July 12, 2004. Given the Plaintiff's lack of adequate record-keeping, it is unclear how the he can even remember the exact date that he last performed work on the Project since this lawsuit was filed almost a year after the Plaintiff claimed he last performed work pursuant to the Project.

**B.  The Defendants can produce credible documentation to prove that the Defendant was not performing punch list work for the Project on July 12, 2004.**

While the Plaintiff has produced no evidence to prove he was performing punch list work for the Project on July 12, 2004, the Defendants can produce many documents proving that he wasn't performing punch list work on that date. Attached as **Exhibits H** and **Exhibit I** are true and accurate copies of affidavits of Gary Smith and Ryan Smith of Tingey. Both affiants were heavily involved in the

Project and state that the last day Plaintiff was on the Project was outside of the limitation period. Both affiants also attest that their signature does not appear on any of the Plaintiff's invoices and, in fact, the name of the person Plaintiff wrote as approving the invoice does not correspond to any of the affiants.

On Friday, June 4, 2004, there was a meeting between Dalco/Tingey representatives, the DC Courts, and the GSA wherein the DC Courts provided the punch-list items for the Project. The DC Courts had already been occupying the Project site for several months. A true and accurate copy of the punch-list, as provided by the DC Courts on June 4, 2004, is attached hereto as **Exhibit J**. If there was any work that the Plaintiff needed to complete pursuant to his obligations on the Project, it would be on the punch-list. A thorough study of the punch-list reveals that there was absolutely nothing on the punch-list related to Plaintiff's scope of work. Plaintiff alleges he was performing punch list work on July 12, 2004, but yet the punch list does not reveal any work for him to do.

There was another meeting among the Dalco/Tingey representatives, the DC Courts and the GSA on July 13, 2004. At this meeting, the representatives from each entity walked through the courthouse and reviewed the punch-list in its entirety. Gary Smith, the Vice-President of Tingey whose affidavit is attached hereto as **Exhibit H**, was at that meeting and provided his punch-list to Safeco. A true and accurate copy of Gary Smith's punch-list with the notes he wrote at the July 13, 2004 meeting is attached hereto as **Exhibit K**. On the punch-list beside every item, Gary Smith recorded the name of the subcontractor who was responsible for that item and if it had been completed prior to the walk-through.

There is absolutely nothing in the punch-list, or in Gary Smith's handwriting, that was Plaintiff's responsibility. While the Plaintiff claims he was performing punch-list work on the Project on July 12, 2004, there was nothing for him to complete.

**C.  Even if the Plaintiff was on the job site on July 12, 2004, the limitation period as set forth in the Act had already begun.**

If the Plaintiff was on the job site on July 12, 2004 for some other reason, he still cannot maintain a claim pursuant to the Act. One explanation is that he was performing work either directly for the DC Courts, the GSA or some other entity. If that is the case then he cannot maintain an action against the Bond because the Bond was provided solely for work associated with the contract between Dalco and the GSA. Safeco provided the Bond to ensure that all the laborers on the Project were paid. If the Plaintiff was performing work for some other entity or without Dalco's authority, then those services are not recoverable under the Bond[3].

Another explanation is that perhaps he was performing warranty work or correcting some defect in his work. This type of work would not count towards extending the date of his last work for purposes of bringing a claim pursuant to the Act. The limitations period does not run while the claimant is performing essential, non-remedial work within the scope of the contract. United States ex rel. Joseph T. Richardson, Inc., v. E.J.T. Constr. Co., Inc., 453 F.Supp. 435 (D.Del. 1978). Federal circuits have held that remedial or corrective work or materials, or inspection of work already completed falls outside the meaning of

---

[3] *See* In re Estate of Spinner, 717 A.2d 362 (D.C. 1998) (holding that a surety cannot be held liable beyond the terms of its contract).

'labor' and 'materials' as set forth in the Act and therefore, the statute of limitations will not toll for the completion of these items. *See, e.g.*, United States ex rel. Interstate Mech. Contrs., Inc. v. International Fidelity Insurance Company, 200 F.3d 456  (6th Cir. 2000); United States for the use of Billows Elec. Supply Co. v. E.J.T. Constr. Co., Inc., 517 F. Supp. 1178, 1181 (E.D. Pa.1981), aff'd 688 F.2d 827 (3rd Cir.), cert. denied, 459 U.S. 856 (1982); United States for the use of Magna Masonry, Inc., v. R.T. Woodfield, Inc., 709 F.2d 249, 250 (4th Cir. 1983); United States ex rel. Austin v. Western Elec. Co., 337 F.2d 568, 572 (9th Cir. 1964); United States for the use of State Elec. Supply Co. v. Hesselden Constr. Co., 404 F.2d 774, 776 (10th Cir. 1968). At least one federal court has interpreted the Act to hold that punch-list work *does not toll the limitations period under the Act.* See, e.g., United States of America for the use and benefit of T.L. Wallace Constr. Inc., v. Fireman's Fund Ins. Co., 790 F. Supp. 680 (S.D.Miss. 1992).

If Plaintiff was on the job site on July 12, 2004 correcting work he had previously performed, the limitations period had already begun and his corrective work did nothing to re-start the clock. Though he has not presented any evidence to prove he was performing punch list work on July 12, 2004, even if he was doing so, that was still not enough to toll the limitations period that had already started at an absolute minimum on June 4, 2004, when the punch-list was provided.

## CONCLUSION

Plaintiff has provided every piece of documentation to support the allegations in his complaint and nothing he has provided could convince a reasonable jury that he was performing work on the Project after June 30, 2004. There is a complete lack of evidence to support any allegation as set forth in his complaint. "The mere existence of a scintilla of evidence in support of [opponent's] claim is insufficient to preclude the grant of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party need not prove a negative; if the nonmoving party has failed to adduce sufficient evidence to carry its burden of proof at trial, summary judgment is appropriate. Celotex Corp. v. Catratt, 477 U.S. 317, 322-23 (1986). The burden of proof at trial is by a preponderance of the evidence. Federal case law provides that even if the Plaintiff was on the job site performing punch list for the Project or for some other reason, it does not toll the statute of limitations that had already begun to run at least prior to the punch-list of June 4, 2004.

It is not the Defendants burden to prove Plaintiff's case for him. As the Celotex case stated, it is not the Defendants burden to disprove the Plaintiffs case either. The Defendants have met their burden pursuant to Rule 56 of the Federal Rules of Civil Procedure by proving that the Plaintiff does not have sufficient evidence to prove hi compliance with the Act. The Defendants are entitled to judgment as a matter of law.

WHEREFORE, Defendants Dalco Incorporated of Arizona, Inc. and Safeco

Insurance Company of American request this Court to grant their Motion for

Summary Judgment and dismiss this claim with prejudice.


                                   /s/
                          Cynthia Rodgers-Waire
                          (Bar No. 444095)
                          Robert F. Carney (Bar No. 436999 )
                          Whiteford, Taylor & Preston L.L.P.
                          Seven Saint Paul Street
                          Baltimore, Maryland 21202-1626
                          (410) 347-8700

                          Jane Saidon Dudley (Bar No.459595)
                          Whiteford, Taylor & Preston L.L.P.
                          1025 Connecticut Avenue, N.W.
                          Suite 400
                          Washington, D.C.  20036
                          (202) 659-6800


                          Attorneys for Defendants,
                          DALCO INCORPORATED OF
                          ARIZONA, and SAFECO INSURANCE
                          COMPANY OF AMERICA

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of January, 2006, a copy of the foregoing Motion for Summary Judgment and accompanying supporting Memorandum were electronically filed and/or mailed first class, postage prepaid to:

Adam Wilk, Legum & Wilk P.L.C, 4004 Williamsburg Court, Fairfax, VA 22032, Attorney for Plaintiff.


_____ /s/_____
Robert F. Carney


*1658909*