

ALL-STATE LEGAL DEFENDANT'S EXHIBIT A

SUBCONTRACT AGREEMENT
Subcontract No:105

Arizona Contractor License: 141131

THIS SUBCONTRACT AGREEMENT (herein "Subcontract"), made on this date Thursday, June 26, 2003, by and between German Aldas Hermans Touch (herein "Subcontractor") and DALCO INCORPORATED OF ARIZONA (herein "Contractor") WITNESSETH THAT the Subcontractor and Contractor, in consideration of the mutual covenants contained herein, agree as follows:

SECTION 1. STATEMENT OF WORK. The terms "Project", "Project Location", and "Owner", as used throughout this Subcontract, shall mean the Project, Project Location, and Owner as set forth above. The Subcontractor agrees to perform the Subcontract Work set forth in "Section 2" hereof in the construction of the Project for the Owner at the Project Location, in accordance with the terms of the Prime Contract, number and date as shown above, between the Owner and Contractor, including all of the General and Special Conditions, Provisions, Drawings, Plans, Specifications, Addenda No's

| Project Title | Project Location | Client Project Number | Dalco Job Number |
|---|---|---|---|
| DC Superior Courts Building B-Interior Improvements | 409 E Street Building B NW Washington, DC | GS-11P-03-MKC-0005 | GS22-004-000 |

and all other documents and revisions to date, for the construction of the Project as prepared by

| Architect | Address | Phone No. |
|---|---|---|
| Leo A Daly | 1201 Connecticut Avenue, N.W., 10th Floor Washington, DC | (202) 861-4600 |

forming or by reference made a part of the Prime Contract (all of which collectively are herein "Prime Contract"), and with particular reference to the below listed technical and/or other sections or parts of the Prime Contract documents, all of which shall be considered part of this Subcontract by reference thereto and which are as fully a part of this Subcontract as if hereto attached or herein repeated; and the Subcontractor agrees to bind and obligate himself, in the performance of this Subcontract, to the Contractor by the same terms, conditions, undertakings and obligations that the Contractor is bound and obligated to the Owner by the Prime Contract but, in the event of conflict of the terms thereof with the terms hereof, those terms shall prevail which afford the greater of protection to the Owner under the Prime Contract or to the Contractor under the Subcontract. Copies of said Prime Contract are on file in the office of the Contractor, and available for inspection by Subcontractor.

SECTION 2. SCOPE OF WORK. The Subcontractor agrees to furnish all labor, supervision, materials, tools, equipment and supplies necessary to perform, and to perform the following work in strict compliance with the requirements of the Subcontract and of the Prime Contract, but, in the event of conflict of the terms thereof with the terms hereof, those terms shall prevail which afford the greater of protection to the Owner under the Prime Contract or to the Contractor under the Subcontract (all of the responsibilities and obligations hereunder collectively are herein "Subcontract Work"). Subcontractor shall verify all dimensions and conditions in the field prior to commencing any work. All discrepancies must be reported to the Contractor before start of work.
Bond Not Required

8202-L
Includes the following:
Strip and re-finish as per plans and specifications all wood paneling in courtrooms.
Strip and re-finish Judges Benches.
Strip and re-finish existing door casings as directed by General Contractor.
Provide proper ventilation in all rooms where striping or re-finishing is in process.
Stain and finish radiator covers and wood columns adjacent to wood windows.
Clean up and remove own garbage from job site.

All work is to be performed as per plans and specifications. Adhere to all safety standards as required by General Contractor.

All work will be performed at the WAIS Wage Scale.

When the Subcontractor is required under this Subcontract to furnish material not to be installed or utilized by Subcontractor at the Project Location, such material is to be delivered F.O.B. Projection Location, unless expressly herein stated to the contrary.

SECTION 3. SUBMITTALS. The Subcontractor agrees to submit, through Contractor's office, and within 7 days of the date of this Subcontract, As required by Prime Contract + 2 copies of complete detailed shop drawings, lists and brochures, as well as required material samples and color selections, all for approval of Owner's Architect, Engineer, and/or Owner's representative. ALL SUCH SUBMITTALS MUST BE SUBMITTED THROUGH THE CONTRACTOR'S OFFICE AND ARE SUBJECT TO APPROVAL OF THE ARCHITECT, ENGINEER, AND/OR OWNER'S REPRESENTATIVE.

SECTION 4. TIME OF PERFORMANCE. The subcontractor agrees to keep himself informed as to the progress of the Project, and to faithfully prosecute his Subcontract Work, and all parts thereof, at such times and in such order as the Contractor may consider necessary to keep the same sufficiently in advance of the other parts of the Project and to avoid any delay in the completion of the construction as a whole. Consequently, the Contractor shall have the right to modify the construction schedule, to suspend, delay, or accelerate, in whole or in part, the commencement or execution of the Subcontractor's work, or vary the sequence thereof, without compensation to the subcontractor. In the event such a delay or suspension extends the overall time of performance, the completion date for the Subcontractor's work shall be extended. Subcontractor shall provide appropriate and adequate Project supervision and shall supervise and direct its won work so as to insure that the work is performed on or ahead of schedule.

SECTION 5. PAYMENTS. From the funds received from Owner for such Subcontract Work, the Contractor agrees to pay the Subcontractor for the Subcontract Work to be performed as provided herein, the sum of:

Two hundred thirty thousand dollars   $230,000.00

| Budget Code – 08202 L | Description – Wood Work and Finishes | Amount - $230,000.00 |
|---|---|---|

subject to additions and deductions for changes as may be agreed upon or determined as provided herein and subject to adjustments from quantity of Subcontract Work performed at Unit Prices set forth under Section 2 above. The Subcontractor shall be responsible for and pay all taxes, fees, etc. imposed directly or indirectly on account of its work, labor, material, or services. The aforementioned sum (hereinafter called "Subcontractor Price") includes all taxes and fees of any nature whatsoever that may be or should be assessed against or incurred by the Subcontractor in performance of this Subcontract Work.

From the funds received from Owner for such Subcontract Work, Partial Payments less a retained percentage of 10% will be made to the Subcontractor, provided that the Subcontractor has submitted Payment Request and all required documents as listed in the Subcontract package to the Contractor's office on or before the 20TH Day of each month, at the Unit Prices set forth in Section 2, for Subcontract Work incorporated into the construction and/or delivered to the Project Location, as estimated by the Contractor and approved, if applicable, by the Architect, Engineer and/or Owner's Representative, less the aggregate of previous payments, and provided further that payment for such Subcontract Work has been approved by the Contractor and Owner and received by the Contractor from the Owner. Upon complete performance of this Subcontract and approval and final acceptance of the Subcontract Work by the Contractor, and, if applicable, by the Architect, Engineer, and/or Owner's Representative, the Contractor shall make payment to the Subcontractor of the balance due him, within 10 days after final payment has been received by the Contractor from the Owner. No payment on account shall be considered as an approval and/or acceptance of Subcontract Work done, or any part thereof. Regardless of the reason for any delay in the receipt by Contractor of payment from Owner for the Subcontract Work, receipt by Contractor of payment from Owner for such Subcontract Work is an express condition precedent to the obligation of the Contractor to make the payments to Subcontractor specified above.

Initials: Contractor: _____ Subcontractor: _____

03

The Subcontractor agrees that the monies received for the performance of this Subcontract shall be used only for the Subcontract Work, that said monies shall not be diverted to satisfy other obligations of the Subcontractor; and that the Subcontractor shall furnish proof of the foregoing upon written request of the Contractor.

Prior to any progress or final payment, the Subcontractor shall submit any and all lien releases, affidavits, releases, or other documents in a form satisfactory to Contractor so that Contractor may assure itself that upon payment of any monies under this Subcontract, Contractor and Owner will not be subject to any claims, demands or liens from Subcontractor or any of Subcontractor's subcontractors, suppliers or any person, firm or entity that may assert any claims, demands, or lien, through any of the foregoing. Contractor shall have the right to also make payment by joint check to Subcontractor and Subcontractor's suppliers and subcontractors.

SECTION 6. LIQUIDATED DAMAGES. If The Prime Contract contains a liquidated damages clause the Subcontractor shall be liable in like.. Should the Subcontractor cause delay to any part of the entire work under the Project, Subcontractor shall be liable for any and all loss and damages including liquidated damages sustained therefore by Contractor. The Subcontractor shall not be liable under this paragraph if such delay is caused by strike, lockout, act of God, or other reason beyond the control of Subcontractor, to the extent that any of the foregoing constitutes valid excuse for delay under the Prime Contract, provided that notice of same shall be furnished in writing by Subcontractor to Contractor within forty-eight hours of occurrence.

The subcontractor shall be responsible for liquidated damages to the extent provided for in the contract document, for delays caused by or contributed to by the Subcontractor or any person or entity for whose acts of Subcontractor may be liable, including all or a portion of any liquidated damages assessed by the Owner against the Contractor attributable in whole or in part to such Subcontractor-caused delays. In addition, the Subcontractor shall be responsible for actual damages to the Contractor, caused or contributed to by delay caused by the Subcontractor or any person or entity for whom the Subcontractor is responsible. In the event liquidated damages or actual damages, or both, are caused by the Subcontractor and another entity, the Contractor shall have the right to reasonably apportion said damages between the parties, and such apportionment shall be binding on the Subcontractor.

SECTION 7. PROVISION(S). The provision(s) set forth in the language of this Subcontract as well as those provision(s) set forth in any continuation pages are hereby incorporated in and made a part of this Subcontract. Each and every provision, term, condition, obligation, undertaking and covenant (collectively herein "Provision(s)") herein contained shall extend to and be binding upon the successors, heirs, personal representatives, and assigns of the respective parties hereto.

SECTION 8. SCHEDULES. . Upon request by the Contractor, the Subcontractor shall furnish to the Contractor, in writing, a progress schedule covering the Subcontract Work. Such schedule will meet the completion schedule set forth by the Contractor and will show in detail the procurement, shop drawing, fabrication, delivery and installation activities of all the major components of the Subcontract Work. The Subcontractor agrees to meet and keep such schedule and to apprise the Contractor weekly for each day of Subcontractor's progress position. In the event that the Job Progress Schedule requires the use of a Critical Path Method or similar type Schedule, the Subcontractor agrees to fully cooperate with the Contractor in the preparation of and maintenance of said Schedule.
The Subcontractor shall strictly adhere to the provided construction schedule. The Contractor shall direct the Subcontractor to adjust manpower, equipment, overtime and Saturday, Sunday, and holiday work necessary to meet all current schedules.
The Subcontractor will perform his contracted work in a manner that will not interfere with or otherwise delay the orderly sequence of work by others.
The Contractor has the right to accelerate the work whenever it becomes apparent to the Contractor that the Subcontractor portion of the work is not likely to be completed on time or as promised. If the need for acceleration is not the fault of the particular subcontractor, that company may be reimbursed for the difference between the regular costs and the acceleration costs, but if the need is the fault of the subcontractor, the subcontractor will remain responsible for all acceleration costs. The subcontractor cannot refuse to accelerate as specifically directed without breaching the contract.
To support the Subcontractor's position the Subcontractor shall submit to the Contractor individual daily reports on the next Monday at 10:00 am for the previous week. These reports must include each work activity, actual labor forces, equipment on site and whether the items of equipment are being used. The reports must also include weather conditions change order or potential change order work accomplished, any performed under protest, photographs, visitors to the jobsite, job meetings, safety compliances, and any internal and external communications with respect to scheduling, production, productivity, and similar considerations.

SECTION 9. EXTENSION OF TIME. The Subcontractor acknowledges that the Subcontractor price is based on the fact that the Contractor is not liable to the Subcontractor, absent actual fraud or intentional acts for any damages or costs due to delays, accelerations, non-performance, interferences with performance, suspensions, or changes in performance or sequences of Subcontractor's work; should the Subcontractor's performance, in whole or in part, be interfered with or delayed, or be suspended in the commencement, prosecution or completion, for reasons beyond the Subcontractor's control and without its fault or negligence, the Subcontractor shall only be entitled to an extension of time to complete its Subcontract; but only if it shall have notified, in writing, the Contractor of the cause of delay within two days of the occurrence of the event, and, provided, a similar extension of time, if needed, is allotted to Contractor by the Architect, Engineer, and/or Owner's Representative. The Contractor owes no damage, duty, obligation, or ability to Subcontractor as a result of any delay, interference, suspension, or other event, except for seeking a time extension.

No allowance of any extension of time shall, in any event, be made to the Subcontractor for delay by the Subcontractor in preparing submittals, or in securing approval of the Architect, Engineer and/or Owner's Representative thereto, when such submittals are not properly prepared, or when the Subcontractor by the exercise of reasonable diligence and judgment could have anticipated and avoided the delay.

SECTION 10. CLEANUP. Subcontractor shall, at all times, keep the job clean and clear of all debris and rubbish resulting from its operations, and, upon completion of its work, will promptly remove all tools, equipment and excess material and any rubbish caused by its work and personnel. Cleanup and removal from the Project site of this Subcontractor's waste materials and refuse will be the full responsibility of the Subcontractor. If Subcontractor fails to do so after having received twenty-four hours notice from the Contractor that Subcontractor's cleanup work is not being properly prosecuted, then said cleanup work will be performed by Contractor's own personnel and the expense thereof charged to the Subcontractor.

SECTION 11. CHANGES. The Contractor may order changes in the work. The Subcontractor shall not be entitled to nor shall it receive any increase or upward adjustment in its contract price unless said amount and liability are approved, in writing, by an officer of Contractor or by Contractor's authorized representative, which representative must have written authority for such acts. Otherwise, the Subcontractor shall proceed at its own risk and expense. No alteration, addition, omission, or change shall be made in the work, or the method of performance of the same, except upon the written Change Order of the Contractor. Any change or adjustment in the Subcontract Price by virtue of such Change Order shall be specifically stated in said Change Order. Prior to the issuance of a Change Order, Contractor may require Subcontractor to provide Contractor with a detailed breakdown showing the difference in value of the work, labor, materials, services, altered, added, omitted or changed by the proposed Change Order. If an agreement as to monetary allowance or other term cannot be reached, the Contractor, by an authorized representative, may direct, in writing, the Subcontractor to perform the work with the final adjustment reserved until final completion of both this Subcontract, and the Prime Contract. The monetary amount for the performance of any Change Order shall not exceed the allowance set forth in the Subcontractor's prior price breakdown. The failure of the Subcontractor to immediately commence performance of any Change Order, when so directed, in executed written form by the Contractor, whether or not all terms have been agreed upon, shall be deemed a material breach and the Subcontractor held in default of this Subcontract. Any extension of time needed as a result of a proposed Change Order shall be requested by the Subcontractor, in writing, prior to issuance of the Change Order, and shall be incorporated therein. There shall be no other monetary or time allowance, direct or indirect, to the Subcontractor other than what is specifically written in the Change Order, including, but not limited to, delays, suspensions, escalations, impact or other cost factors. Ordinary field modifications which do not substantially increase Subcontractor's cost of this Contract will be performed without any price adjustment. Where unit prices are stipulated in the Contract, all adjustments, whether increases or decreases, shall be made in accordance with said units. Said units shall be deemed to include all general and administrative expenses, overhead, profit, supervision, extended performance cost factors, and all other direct and indirect expenses. If the Contractor elects the option to direct the Change Order work to be done by the Subcontractor on a time and material basis, the Subcontractor shall prepare daily time and material invoices which shall be submitted to the Contractor on a daily basis. Said daily time and material invoices shall include only direct out-of-pocket material and labor costs with a maximum total markup of 10 percent. The 10 percent markup on time and material invoices is deemed to be full and complete compensation to the Subcontractor for all general and administrative expenses, overhead, supervision, and profit. No payment shall be made for holiday or other non-working time. The Subcontractor shall in no event be entitled to, nor shall it receive any compensation or allowance for any Change Order in an amount greater than that which the Contractor actually receives from the Owner, less a reasonable deduction for work performed by the Contractor, as well as for the Contractor's overhead and profit. The issuance of any Change Order and payment thereof, prior to completion and acceptance of the Project, shall not preclude Contractor from questioning the validity thereof and recouping payment therefor, where, on final settlement, it appears that the Change Order work was neither extra nor additional work under a proper interpretation of this Subcontract or the Prime Contract. No Change Order shall vary, abrogate, avoid, or otherwise affect the terms, conditions and provisions of this Subcontract except as specifically set forth in the Change Order.

SECTION 12. WITHHOLDING OF FUNDS. The Contractor may deduct or set off, from any amounts due or to become due to the Subcontractor, any sum or sums owing by the Subcontractor to the Contractor under this or any other contract or transaction. Also, the Contractor, in the event it deems itself insecure, including under any payment bond furnished by the Subcontractor as hereinafter provided, may reserve from any amounts due or to become due to the Subcontractor, the amount necessary to protect the Contractor for any sum or sums owing by the Subcontractor for labor, material or equipment, for which debt or debts the laborer, materialman, seller, or lessor has or may have a lien or a claim under any statute against the Contractor or against the work or the premises for the statutory period before the expiration of which claimant or lien holder is required to notify the Contractor of such claim or lien. The Contractor shall have the right to retain out of any payments due or to become due to the Subcontractor, an amount sufficient to completely protect the Contractor from any and all loss, damage or expense arising from the failure of the Subcontractor to make payment to its suppliers or subcontractors for unsatisfactory job progress, defective construction work or material not remedied, disputed work, failure to comply with material provisions of this subcontract, claims filed by, or that will reasonably be filed by third parties, reasonable evidence that the

103                                                Initials: Contractor: ___  Subcontractor: ___

subcontract cannot be completed for the unpaid balance of the contract sum, a reasonable retention (not exceeding the actual percentage retained by Owner) or any other amount that may reasonably protect Contractor for any damage caused by Subcontractor.

SECTION 13. TERMINATION OF WORK. If Owner, with or without cause, shall terminate the Prime Contract or shall stop or suspend work under the Prime Contract, or if Owner shall fail to pay when due any sum payable under the Prime Contract, Contractor may order Subcontractor to stop or suspend Subcontract Work and Contractor shall be liable to Subcontractor for any such stoppage or suspension only if and to the extent that Owner shall be liable to Contractor therefor. From funds paid by Owner to Contractor for the Subcontract Work, Contractor will pay to Subcontractor the value of Subcontract Work completed before the work was stopped or suspended, but only if and to the extent that Owner shall have paid Contractor for such Subcontract Work.

The Contractor may at any time, without notice to the surety or sureties, terminate the Subcontract for the convenience of the Contractor without specifying any reason for any default under the subcontractor documents. In the event of such a termination of convenience, and notwithstanding an other provision of the Subcontract other contrary, provided the subcontractor is not in default, the Subcontractor shall receive as its entire and sole compensation, its actual, necessary, and reasonable costs of performing he work to date of termination, as determined by the audit of subcontractor's record, plus a reasonable mark-up for overhead and profit, but in no event shall such amounts paid and payable hereunder exceed the total Subcontract sum. The Subcontractor shall make its records available at reasonable times and places for the Contractor's audit in the event any termination of the Subcontractor for default under the Subcontract is later determined to have been improper, their termination shall be automatically converted to a termination for convenience, and the Subcontractor shall be limited in its recovery strictly to the compensation provided for in this subparagraph.

SECTION 14. FAILURE TO PERFORM. The Subcontractor shall perform the subcontract work in a proper, efficient and workmanlike manner and in a prompt, diligent and expeditious manner so as to promote the general progress of the entire construction and shall not, by delay or otherwise, interfere with or hinder the work of the contractor or any other Subcontractor. If, in the opinion of the Contractor, there are not adequate personnel, supervision, equipment, material, Sub-Subcontractors on the project to perform the subcontracted work, the Contractor may issue a notice to remedy this situation and Subcontractor shall promptly comply with the remedial steps set forth in said notice.

In the event the Subcontractor fails to comply or becomes disabled from complying with any of the provisions of the Subcontract Agreement and, in particular, as to the character, quantity or quality of subcontract work in accordance with the requirements of the subcontract work in accordance with the requirements of the subcontract agreement, in whole or in part, or fails to perform any provision of this subcontract, or fails to meet time deadlines, or is unable to work or complete the subcontract work, or persistently or repeatedly fails to supply properly skilled workmen or proper materials, or fails to pay its suppliers or subcontractors or disregards laws, rules, ordinances, regulations, or codes form any public authority, the Contractor may, at the Contractor's option, issue a written notice to the Subcontractor at Subcontractor's las know address, e-mail address or fax number, and without prejudice to any other right or remedy, take any steps the Contractor deems advisable or necessary to secure any labor and/or materials, equipment, tools, supplies, services, etc. necessary to the prosecution of the Subcontract work, and the Contractor may take over all of the same and prosecute the subcontract work to completion and for such purposes Subcontractor hereby assigns all of the same to the Contractor; or the Contractor may, without taking over the subcontract work, furnish the labor and/or materials, equipment, tools, supplies, services, etc. necessary to prosecute the subcontract work to completion. Any and all monies expended and all of the losses, damages and extra expenses incurred by Contractor shall be deducted from the subcontract price and if such expenditures, together with said loss of damages and extra expenses exceed the amount otherwise due to the Subcontractor hereunder, the Subcontractor agrees to pay to the Contractor, on demand, the full amount of such excess, together with interest thereon, form the original billing date until pad at an interest rate of 18% per annum or if such interest rate exceeds the maximum permissible interest rate allowed by the laws of the jurisdiction in which the project is located, then at the maximum rate of interest allowed by such jurisdiction. Alternatively, the Contractor shall have the right to terminate the subcontract agreement without notice and/or pursue any and all remedies set forth in this paragraph, or any other remedies that it may have at law or in equity.

It is understood that he Subcontractor and Contactor may have entered into other subcontract agreements on unrelated projects to the one that is the subject of this subcontract agreement ('other agreements'). If Subcontract materially breaches any of the provisions of the other agreements, such material breach shall be deemed an event of default under this Subcontract Agreement and Contractor shall have the right to terminate this Subcontract Agreement by virtue of said breaches, and pursue any and all remedies set forth in this foregoing paragraphs or any other remedies that it may have at law or in equity.

The subcontractor shall reimburse the Contractor for any loss or damage, including, but not restricted to any liquidated damages which may become due the Owner by the Contractor under the Prime Contract, and extra expenses paid or incurred by the Contractor, including attorneys' fees which are due to: (a) Subcontractor's failure to properly perform any and all Subcontract work, and/or (b) Subcontractor's failure to properly perform any ad all Subcontract work, and/or (b) Subcontractor's failure to properly perform any provision contained in this subcontract. It is agreed that, in the event the Subcontractor files a petition under Title 11, U.S.C, or for the appointment of receiver, or if a petition under Title 11, U.S.C. is filed, or if a petition for the appointment of a receiver is filed against Subcontractor, of if it is determined by the Contractor that Subcontractor cannot financially complete the work of the subcontract, Contractor shall have the right declare the Subcontractor in material default, terminate the subcontract, and/or pursue any and all remedies that it has under this paragraph or that it ay have at law or equity.

SECTION 15. INSURANCE. The Subcontractor shall provide and maintain at all times during the performance of this Subcontract: (a) Workmen's Compensation and Employer's Liability Insurance for rotection of Subcontractor's employees, as required by law; (b) Automobile Liability, including owned, non-owned and hired trucks, cars and vehicles as required by law but not less than $2,000,000.00 each for odily injury per person, bodily injury per accident and property damage per accident; and (c) Public Liability, Property Damage and Subcontractor's Contractual Liability Insurances to be in effect with respect to ubcontractor, Contractor and Owner, and as will protect Subcontractor, Contractor, and Owner from any and all claims for damages which may arise from operations under this Subcontract, which insurance shall be  amounts not less than $2,000,000.00/$2,000,000.00 per occurrence against liability for damages because of injuries, including death, suffered by persons other than employees of Subcontractor and in an amount f not less than $2,000,000.00 per occurrence against liability for damages to property, unless amounts greater than the foregoing are specifically set forth in the Prime Contract or otherwise set forth in the ubcontract. Prior to commencement of the Subcontract Work, the Subcontractor shall furnish the Contractor with Certificate of Insurance naming Dalco Incorporated of Arizona and Owner as an additional named sured showing that such insurance is provided and in full force and effect and that Contractor will be given thirty days' written notice before cancellation or lapse of any such policy. In event of threatened ancellation or lapse of any policy for nonpayment of premium, Contractor may pay same for Subcontractor and charge such payment to the Subcontractor.

SECTION 16. INDEMNIFICATION. In the event Contractor or Owner shall have a claim made against it for, or become involved in litigation or arbitration because of claims for personal injuries, death, operty damage, liens, stop notices or charges of any kind against the site of the Project, arising from Subcontractor's failure to fulfill its obligation under the Contract; claims under Workers Compensation Acts or y other employee; violation of any federal, state or local law, regulation or code; infringements of patents, or violations of patent rights; or any other type of claims, damages, injury or loss arising out of or related to e activities of or the work performed (including any addenda to this Contract, 'extras' or written or verbal change orders to this contract) by Subcontractor, its agents, employees, servants or subcontractors, it is the press intent of the parties to this Agreement that Subcontractor shall indemnify, defend and hold Owner and Contractor harmless against any and all such claims, damages, injury loss, liability and expense, cluding, but not limited to, attorneys' fees, and expert and consultants' fees incurred as a result thereof. The obligations imposed upon Subcontractor by this provision are binding valid and enforceable even if it is aimed or established that Contractor or Owner was actively or passively negligent, strictly liable in tort or otherwise responsible for any such claims, damages, injury, loss, liability or expense with one exception: ibcontractor shall not be obligated to defend, indemnify or hold Owner and Contractor harmless under the terms of this provision for claims, damages, injury, loss, liability or expense caused by the sole negligence willful misconduct of Contractor or Owner. The indemnity set forth in this section shall survive the expiration or termination of this Contract until such time as action against Contractor on account of any matter vered by this indemnity is barred by the applicable statute of limitations.

16.1 Subcontractor's duty to defend Contractor and Owner is entirely separate from, independent and free standing of Subcontractor's duty to indemnify Contractor and Owner, and includes without limitation, defense of Contractor and Owner against claims for which Contractor or Owner may be strictly liable, and applies whether the issue of Subcontractor's negligence, breach of contract or other fault or obligation has been determined and whether Contractor has paid any sums, or incurred any detriment, arising out of or resulting directly or indirectly from Subcontractor's performance of the work. It is the parties' intend that Contractor and Owner shall be duty to defend Contractor or Owner during any stage of any claim or suite within the scope of this Section. Contractor and Owner shall be entitled to recover from Subcontractor the attorneys' fees and costs incurred in enforcing the indemnity provisions herein.

16.2 In the event a complaint, claim, or proceeding is initiated and/or pursued by a homeowner or the Registrar of Contractors' Office on account of subcontractors' work, or any portion thereof, against the Contractor, Subcontractor shall indemnify and hold Contractor harmless from any and all expenses, expert fees, attorneys' fees, damages, loss, restitution amounts, or any fines or penalties incurred by Contractor as a result of such complaint, claim, or proceeding. The objection imposed upon Subcontractor by this provision are binding, valid and enforceable even if it is claimed or established that Contractor was actively or passively negligent, strictly liable in tort or otherwise responsible for such claims, complaints, damages, loss, expense, restitution, fines, or penalties with one exception: Subcontractor shall not be obligated to indemnify Contractor under this provision when the claims, proceedings, complaints, losses, expenses, attorneys fees, etc. are caused by the sole negligence or willful misconduct Contractor.

SECTION 17. BONDS. Unless specifically exempted under Section 2 above, the Subcontractor agrees, to secure and at all times maintain and to provide the Contractor with payment and performance ds within ten days from date of this Subcontract; the performance bond shall be in the sum of 100% of the Subcontract Price conditioned for the full and faithful performance of this Subcontract in all of its iculars, and executed in form and content and by an approved corporate surety, all of which must be acceptable to the Contractor, and the payment bond shall be in the sum of 100% of the Subcontract Price. and  executed in form and content, and by an approved corporate surety, all of which must be acceptable to the Contractor. The subcontractor's reasonable bond premium shall be included in the subcontract price.

003                                                                                                                                                                                                                                     Initials:    Contractor: _____    Subcontractor: _____

SECTION 18. EMPLOYMENT TAXES AND LICENSES. The Subcontractor specifically agrees that he is, or prior to the start of Subcontract Work will become an independent contractor and an employing unit subject, as an employer, to all applicable statutes so as to relieve the Contractor of any responsibility or liability for treating Subcontractors' employees as employees of the Contractor for the purpose of keeping records, making reports and payment of taxes or contributions, and the Subcontractor agrees to indemnify and hold the Contractor harmless and reimburse Contractor for any expense or liability incurred in connection with employees of the Subcontractor, including a sum equal to benefits paid to or for those who were Subcontractor's employees, where such benefit payments are charged to the Contractor.

The Subcontractor further agrees as regards (a) the production, purchase and sale, furnishing and delivering pricing and use or consumption of materials, supplies and equipment, (b) the hire, tenure or conditions of employment of employees and their hours of work and rates of and the payment of their wages, and (c) keeping of records, making of reports, and the payment collection and/or deduction of taxes and contributions, that the Subcontractor will keep and have available all necessary records and make all payments, reports, collections and deductions, and otherwise do any and all things so as to fully comply with all applicable laws, ordinances, regulations and rules as they affect or involve the Subcontractor's performances of this Subcontract, all so as to fully relieve Contractor from and protect Contractor against any and all responsibility or liability therefor.

Subcontractor acknowledges that he is duly licensed as a construction contractor for the type of work agreed to be performed by him hereunder, having all appropriate licenses, (copy of contractor's license and state transaction privilege tax license required to be sent to Dalco) both regulatory and revenue required by all governmental bodies having jurisdiction. In the event Subcontractor, at any time, shall fail to be so licensed resulting in any loss, cost, damage or expense to Contractor, or so as to make the amount or any part thereof of the Subcontract Price to be nondeductible for transaction, privilege, sales, use, or other like taxes, the additional loss, cost, damage or expense or tax occasioned thereby shall be deducted from the Subcontract Price or, on demand, shall be promptly paid to Contractor by Subcontractor.

SECTION 19. ASSIGNMENTS. The Subcontractor shall not assign or sublet this Subcontract or any part thereof without the prior written consent of the Contractor.

SECTION 20. ASSIGNMENT OF FUNDS. The Subcontractor shall not assign, or attempt to assign, in any manner, or at any time, funds accrued to or to accrue under this Subcontract, without prior written consent of the Contractor. No assignment shall be binding on the Contractor unless and until accepted in advance and in writing by the Contractor.

SECTION 21. BILLINGS. It is agreed that the Subcontractor shall be bound by the rulings and decisions of the Contracting Authority of the Prime Contract to the same extent and degree that the Contractor is bound by said rulings and decisions insofar as they may pertain to the work included within this Subcontract.

SECTION 22. SUB-SUBCONTRACTING. The Subcontractor must submit to Contractor, for prior written approval, all proposed lower-tier subcontractors (sub-subcontractors), and Contractor may reject any proposed sub-subcontractor. Approval of a sub-subcontractor will not imply that Contractor assumes any responsibility for such sub-subcontractors or that Subcontractor is relieved of any responsibility with respect to the Subcontract Work. In the event of prior written Contractor approval of a sub-subcontractor, Subcontractor shall cause each such sub-subcontractor to procure the insurance coverages required under Section 15 of the Subcontract; or otherwise covering such liabilities under policies in form, and in amounts and with insurance companies, all as acceptable to Contractor. Subcontractor will obtain said policies or certificates thereof and deliver them to Contractor upon contractor's request. If evidence of acceptable sub-subcontractor insurance is not acquired by Subcontractor, Contractor may acquire the required insurance coverages and deduct payments therefor from amounts then or subsequently owing to Subcontractor hereunder.

SECTION 23. COMPLIANCE WITH LAWS: EQUAL EMPLOYMENT OPPORTUNITY. The Subcontractor agrees to comply fully, at his own expense, with all laws, ordinances, regulations, rules, orders and citations applicable to the Subcontract or Subcontract Work, accident prevention, safety, equipment and practices prescribed by Owner or Contractor, either directly or through the Prime Contract, including, but not limited to the Occupational Safety and Health Act of 1970 (Public Law 91-54), as the same may from time to time be amended, implemented or succeeded, and the Civil Right Act of 1970 as amended, as the same may further amended, implemented or succeeded, including rules and regulations promulgated thereunder and including Executive Order 11246 and any successor Executive Order modifying or superseding that Order. As a condition of accepting this contract, the Subcontractor (sometimes "you/your" herein) agrees not to discriminate against any individual with respect to hire, discharge, compensation, terms, conditions or privileges of employment, or segregation of facilities because of such individual's race, color, religion, sex, age, handicap or national origin. Subcontractor agrees to save and hold harmless the Contractor from any and all liability and damages, fines, costs, and attorneys' fees incurred by Contractor on account of Subcontractor's failure or alleged failure to comply with all applicable laws, ordinances, regulations, rules, orders, and citations.

SECTION 24. RESPONSIBILITY FOR WORK. Subcontractor shall be responsible for his own work, property and/or materials until completion and final acceptance of the Subcontract Work by the Owner, and shall bear the risk of any loss or damage from any cause until such acceptance. In the event of loss or damage, Subcontractor shall proceed promptly to make repairs, or replacement of the damaged work, property and/or materials at his own expense, as directed by the Contractor. Should the Subcontractor fail to maintain in full force and effect insurance providing payment for such loss, and should there be in existence other insurance providing payment for such loss but for the provisions of the first two sentences of this Section, then the first two sentences of this Section shall be separable from this agreement and of no force and effect; provided however, that in no event shall the Subcontractor be relieved of his obligation to proceed promptly to make repairs, or replacement of the damaged work, property and/or materials as directed by the Contractor, nor shall Subcontractor be relieved of any other responsibilities or obligations provided for in this Subcontract.

Subcontractor agrees that he shall pay for all materials furnished and work or labor performed, and fringe benefits and taxes, penalties, fines and assessments to be paid under or arising or alleged to arise out of or in any way related to this Subcontract, and to satisfy the Contractor thereupon whenever demand is made, and to indemnify the Contractor and Owner against and save them and the premises harmless from any and all claims, suits, or liens in connection with the Subcontract or anything done there under. Subcontractor agrees to obtain and pay for all permits, licenses and official inspections made necessary by the Subcontract Work, and to comply with all laws, ordinances, and regulations bearing on this Subcontract Work and the conduct thereof. Subcontractor warrants and guarantees all Subcontract Work and agrees to make good, at Subcontractor's own expense, any defect in materials or workmanship which may occur or develop from date of acceptance by the Owner of the completed contract and in no event shall Subcontractor be released from such responsibility prior to the Contractor's release from responsibility to the Owner therefore. Subcontractor agrees, with respect to the Subcontract Work, to assume toward the Contractor all obligations and responsibility which the Contractor assumes toward the Owner as set forth in the Prime Contract.

The subcontractor has the contractual responsibilities to control quality and inspect his work. The subcontractor is required to designate person showing the person name qualification duties, responsibilities and authorities to be approved by the contractor before the subcontractor can begin work. The subcontractor must also issue a letter signed by a responsible officer on the subcontractors firm showing the duties, responsibilities and authorities. This letter must clearly assigns individual control.

In the event Subcontractor fails to meet any of its obligations under this Section 24 or otherwise fails to comply with any provision of this Subcontract so that Contractor is required to pay or advance monies by virtue of such failures, Subcontractor agrees to repay all of such sums to Contractor plus interest at the rate of 1 ½ percent per month, compounded monthly, from the date each payment was made or advanced until paid in full.

SECTION 25. OPERATING INSTRUCTIONS. The Subcontractor shall furnish all operating instructions, parts lists, and manuals pertinent to requirements of the Subcontract Work.

SECTION 26. LAYOUT RESPONSIBILITY. The Subcontractor shall lay out and shall be strictly responsible for the accuracy of his work and for any loss or damage to the Contractor or to other subcontractors engaged in work on the site by reason of failure of the Subcontractor to set out or perform his work correctly. The Subcontractor shall exercise prudence so that actual final conditions and details shall result in perfect alignment of finish surfaces.

SECTION 27. TERMS OF CONTRACT. Each of the parties hereto agrees and represents that this Subcontract comprises the full and entire agreement between the parties affecting the work contemplated and no other agreement or understanding of any nature concerning the same has been entered into or will be recognized, and that all negotiations, acts, work performed, or payments made prior to the execution hereof shall be deemed merged in, integrated and superseded by this Subcontract. This Subcontract can be modified only by written agreement signed by authorized representatives of each party hereto.

SECTION 28. CANCELLATION. The Contractor, by written notice, shall have the right without cause, to cancel this Subcontract and require the Subcontractor to stop work immediately. In such event, Contractor shall pay the Subcontractor for that work actually performed in an amount proportionate to the Subcontract Price. The Contractor shall not be liable to the Subcontractor for any other costs, including prospective profits on work not performed.

SECTION 29. SAFETY. Subcontractor is fully responsible for safety, and for providing a safe work place for its employees and others, and agrees to cooperate with the Contractor on any overall project safety Program, to submit its own trade related Safety Program and rules, which shall be at least as stringent as, set forth in the Contractor's Safety Program. Subcontractor shall designate an employee responsible for overall supervision of accident prevention activities. Such duties shall include: (1) Assuring applicable safety requirements are (a). communicated to the workers in a language they understand. It is the subcontractor's responsibility to ascertain if there are workers on the job who do not speak and/or understand the English language. If such workers are employed by the subcontractor, at any tier, it is the contractor's responsibility to insure that all safety programs, signs, and tool box meetings are communicated to the workers in a language they understand, and that a bilingual employee is on site at all times. (b) incorporated in work methods, and (2) inspecting the work to ensure that safety measures and instructions are actually applied. Subcontractor shall take all reasonable precautions for the safety of employees on the project, to actively assist in the prevention of accident injury to persons or property in, about or adjacent to the premises where work is being performed, and to comply with all Federal, State and Local safety laws and

003                                                                                                                    Initials:  Contractor: _____  Subcontractor: _____

ordinances applicable to the work. Failure of subcontractor to comply with the foregoing may be grounds for withholding progress or final payments. Subcontractor agrees to cooperate with the Contractor on any overall Substance Abuse Program and will provide a copy of its own Substance Abuse Policy to The Contractor prior to commencement of work.

SECTION 30. WARRANTY. The Subcontractor shall provide a Warranty on the Material and Workmanship of their Subcontract Work as provided per the Prime Contract and/or local, state or federal statutes.

SECTION 31. CONDITIONAL CONTRACT. This Subcontract is made conditional on approval of the Owner, Architect and/or Engineer where such approval is required.

SECTION 32. REVIEW OF SUBMITTALS. The review and/or approval by the Contractor, Owner, Architect and/or Engineer of any submittals or work of the Subcontractor shall not relieve Subcontractor of any liability for deviations from the Prime Contract or this Subcontract, unless specifically called to the Contractor's attention, in writing, and specifically expressed, approved and acknowledged by Contractor, in writing, that such deviation is acceptable.

SECTION 33. WAIVERS. Waivers of any breach hereof shall not constitute a waiver of any subsequent breach of the same or any other provision hereof.

SECTION 34. HEADINGS. The section heading appearing in this Subcontract are inserted as a matter of convenience only, and for reference purposes only, and are not intended to be a part of this Subcontract, or in any way to define, limit, or describe the scope and intent of the particular section to which they refer.

Initials:    Contractor: _____    Subcontractor: _____

SECTION 35. INTERPRETATION. This Subcontract shall be interpreted in accordance with the laws of the state of the home office of Contractor, with the exception of the choice of laws provisions thereof. If any Provision hereof, or the application thereof to any person or circumstance is invalid, the invalidity shall not affect any other Provision or application of this Subcontract which can be given effect without the invalid Provision or application, and to this end, the Provisions of this Subcontract are severable.

Dated this ___ day of July, 2003

German Aldas Hermans Touch
1960 Cherry Hill Road
Dumphries, VA., 22026

_____
(Signature)

German H. Aldas
(Printed name and title)

Dated this ___ day of Dec, 2003

DALCO INCORPORATED OF ARIZONA
10005 Old Columbia Road
Suite L-261
Columbia, Maryland 21046-1722

_____
(Signature)

_____
(Printed name and title)

Initials:  Contractor: ____  Subcontractor: ____