DEFENDANT'S EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ON BEHALF AND USE OF GERMAN ALDAS HERMANS TOUCH | * |
| Plaintiff | * |
| v. | * Civil Court Action No:   1:05CV01351 |
| DALCO INCORPORATED OF ARIZONA, | * |
| AND | |
| SAFECO INSURANCE COMPANY OF AMERICA, ET AL. | |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \*

### SAFECO INSURANCE COMPANY OF AMERICA'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Safeco Insurance Company of America ("Safeco"), by its undersigned counsel, hereby propounds its First Request for Production of Documents upon German Aldas Hermans Touch.

### Definitions

(a) As used herein, "person" shall include any natural person, proprietorship, partnership, firm, group, association, corporation, governmental agency or other legal or business entity.

(b) As used herein, "document" shall include, without limitation, the original or any non-identical copy, whether different from the original because of handwritten notes, or marking on the copy, or otherwise, regardless of origin or location, of any written, typed, printed or graphic matter, however produced or reproduced, and data stored in computers or on computer disks, and other data compilations from which information can be obtained, and/or translated, electrical or magnetic sound or video recordings, film or photographic prints, and any other writings or recordings of every kind and description, including, but not limited to, papers, letters, correspondence, agreements, contracts, telegrams, notes, electronic mail, notations, memoranda,

including memoranda of conversations or meetings, notebooks, reports, articles, books, tables, charts, graphs, blueprints, specifications, change-orders, consultant reports, bids, solicitations, performance standards, contracts, subcontracts, drawings, lists, surveys, diaries, diary entries, facsimiles, specimen, models, schedules, accounts, ledgers, audits, indices, and drafts, revisions or amendments of any of the above, and, generally, any kind of tangible, permanent records which are now, or formerly were, in the possession, custody or control of the plaintiff, or which were known by the plaintiff to exist, and which can be located or discovered by reasonably diligent efforts.

(c) As used herein, "refer" or "relate" shall mean constitute, comprise, contain, set forth, evidence, show, disclose, describe, explain, summarize or otherwise refer or relate to, either directly or indirectly.

(d) "Relationship" has the following meanings:

(1) a business relationship;
(2) a business affiliation; and
(3) a course of dealings.

(e) As used herein, "Dalco" shall mean Dalco Incorporated of Arizona, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(f) As used herein, "Safeco" shall mean Safeco Insurance Company of America, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(g) As used herein, the "Complaint" shall mean the complaint filed by German Aldas Hermans Touch in the United States District Court for the District of Columbia, Case No. 1:005VO1351.

(h) As used herein, the "Answer" shall mean the answer to the Complaint filed by Safeco and Dalco in the United States District Court for the District of Columbia, Case No. 1:005VO1351.

(i) As used herein, the term "referring to" or "relating to" shall mean in whole or in part stating, constituting, containing, embodying, reflecting, identifying, discussing, evaluating, examining, analyzing, reviewing, dealing with or in any way pertaining to.

(j) The "Project" shall mean the District of Columbia Superior Courts Building B – Interior Improvements, GSA Project No. GS-11 P-03-MKC-0005 located at 409 E Street, N.W., Washington, D.C.

(k) The "Subcontract" shall mean the Subcontract Agreement entered into on or about July 2, 2003 between German Aldas Hermans Touch and Dalco with regard to the Project.

(l) As used herein, "you" shall refer to German Aldas Hermans Touch, predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

### Instructions

(1) In producing the requested documents, you are requested to furnish all information in your possession, custody or control, including all information in the possession, custody or control of anyone acting in cooperation or in concert with you or on your behalf, including experts consulted or retained by you.

(2) If you cannot produce the documents requested in full, after exercising due diligence to secure the information, you shall indicate which of the requests you cannot respond to in full, and shall respond to each of those requests to the extent possible, specifying any inability to respond and provide whatever information is available to you at present.

(3) In the event that any document requested herein has been destroyed, please specify the date of destruction, manner of destruction, the reason for destruction, the person authorizing destruction, the person destroying the document, and the custodian of the document on the date and at the time of destruction.

(4) References to the singular shall include the plural, and references to the plural shall include the singular.

(5) If any Request is objected to as inquiring into privileged matter, set forth fully in the objection the facts upon which you base your objection.

(6) If any document is withheld or not identified under claim of privilege, furnish a list identifying each such document for which a privilege is claimed, including the following information: Date, identity of author, sender and each addressee of each such document, type of document (e.g., memorandum, note, letter, etc.), present location and identity of person in possession, custody or control of each document and identity of each person to whom a copy was furnished, together with the subject matter of each such document and the basis on which the asserted privilege is claimed.

(7) In accordance with the applicable federal rules, the documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories and the requests.

(8) If in responding to this request you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## Documents Requested

**REQUEST NO. 1:**   All documents constituting correspondence between you and any person that relates to materials supplied or to be supplied for the Project.

**REQUEST NO. 2:**   All documents constituting correspondence between you and any other person that relates to services performed or to be performed for the Project.

**REQUEST NO. 3:**   All documents that constitute the contract between you and Dalco or any other person relating to materials supplied or to be supplied for the Project.

**REQUEST NO. 4:**   All documents that constitute the contract between you and Dalco or any other person relating to services provided or to be provided for the Project.

**REQUEST NO. 5:**   All documents relating to communications between you and Dalco or any other person related to materials supplied or to be supplied for the Project.

**REQUEST NO. 6:**   All documents relating to communications between you and Dalco or any other person related to services performed or to be performed for the Project.

**REQUEST NO. 7:**   All billings, invoices, requests for payment, applications for payment, statements, quotations, proposals, pricing, contracts, or any other documents relating to materials supplied or to be supplied to Dalco or any other person for the Project.

**REQUEST NO. 8:**   All billings, invoices, requests for payment, applications for payment, statements, quotations, proposals, pricing, contracts, or any other documents relating to services performed or to be performed for Dalco or any other person for the Project.

**REQUEST NO. 9:**   All payroll receipts, work tickets, certified payrolls, or any other documents relating to the time you spent performing services for the Project.

**REQUEST NO. 10:**   All documents evidencing payment to you relating to materials supplied or to be supplied to Dalco or any other person for the Project.

**REQUEST NO. 11:** All documents evidencing payment to you relating to services performed or to be performed for Dalco or any other person for the Project.

**REQUEST NO. 12:** All documents constituting change orders, modifications or deviations from the Subcontract submitted by you to Dalco or any other person for materials supplied or to be supplied for the Project

**REQUEST NO. 13:** All documents constituting of change orders, modifications, or deviations from the Subcontract submitted by you to Dalco or any other person for services performed or to be performed for the Project.

**REQUEST NO. 14:** All job cost records relating to materials supplied or to be supplied to Dalco or any other person for the Project.

**REQUEST NO. 15:** All job cost records relating to services performed or to be performed for Dalco or any other person for the Project.

**REQUEST NO. 16:** All releases of liens, affidavits, requisitions, invoices, certificates, payment, or other documents provided to Dalco or any other person in connection with payment requests relating to materials supplied or to be supplied to Dalco or any other person for the Project.

**REQUEST NO. 17:** All releases of liens, affidavits, certificates, payment, or other documents provided to Dalco or any other person in connection with payment requests relating to services performed or to be performed for Dalco or any other person for the Project.

**REQUEST NO. 18:** All submittals made by you relating to materials supplied or to be supplied to Dalco or any other person for the Project.

**REQUEST NO. 19:** All submittals made by you relating to services performed or to be performed to Dalco or any other person for the Project.

**REQUEST NO. 20:** Any documents not specifically mentioned herein but which serve as the basis for any answer to Safeco's First Set of Interrogatories.

Robert F. Carney
D.C. Bar No. 436999
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, MD 21202
410-837-8700

Attorney for Defendant,
SAFECO INSURANCE COMPANY
OF AMERICA, ET AL.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of August, 2005, a copy of the foregoing Request for Production of Documents was mailed first-class postage prepaid to: Adam R. Wilk, Legum & Wilk P.L.C, 4004 Williamsburg Court, Fairfax, VA 22032, Attorney for Plaintiff.

Robert F. Carney