**DEFENDANT'S EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ON BEHALF AND USE OF GERMAN ALDAS HERMANS TOUCH | * |
| Plaintiff | * |
| v. | * Civil Court Action No:   1:05CV01351 |
| DALCO INCORPORATED OF ARIZONA, | * |
| AND | |
| SAFECO INSURANCE COMPANY OF AMERICA, ET AL. | |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \*

## SAFECO INSURANCE COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES TO GERMAN ALDAS HERMANS TOUCH

Safeco Insurance Company of America ("Safeco"), by its undersigned attorney, hereby propounds its First Set of Interrogatories upon Defendant German Aldas Hermans Touch.

### INSTRUCTIONS AND DEFINITIONS

(a) These Interrogatories are propounded pursuant to the Federal Rules of Civil Procedure which provide that they be answered separately and fully in writing, under oath, within 30 days after service or such shorter time as directed by the court.

(b) Knowledge or information of a party shall include that of the party's employees, agents, representatives and, unless privileged, attorneys.

(c) When the singular is used with reference to any person, document or item, it shall include the plural, if, in fact, there are more than one. The masculine shall include the feminine form when used with reference to any person.

(d) These Interrogatories are continuing in character, so as to require you to promptly file supplemental answers if you obtain further or different information at any time before trial.

(e) "Person" means any natural person and any corporation, association, joint venture or partnership, governmental agency, or other firm or legal entity.

(f) "Identify" has the following meanings:

(1) When used in reference to a natural person it means to state the person's full name, title and job description (if applicable), telephone number, residence address and business address, or, if the current address is unknown, the last known residence or business address;

(2) When used in reference to a corporation, partnership or other entity it means to state the entity's full name, nature of organization, address, telephone number, principal place of business, and the chief executive officers, managers, partners in charge or other natural persons responsible for overall operations of the entity.

(3) When used in reference to a document it means to state a description of the type of document (e .g., letter, memorandum, telegram, agreement, contract, etc.); the identity of the person or persons who authored or prepared it; the identity of the parties signatory; the identity of the addresses, if any, and the recipients of the original and any copy; the title, if any, and a description of the general nature of its subject matter; the date on the document or correspondence or, if none, the approximate date of its preparation; the manner of distribution and publication, if any; the present location or custodian of the original and each copy thereof; the identity of any persons who can identify it; whether such documents contained, enclosed, or are attached to or accompanied by any other documents, and if so, state the identity thereof. If any privilege is claimed, state the specific basis therefor.

(4) When used in reference to an oral communication it means to identify the person by whom the communication was made and each person by whom it was received; a description of the contents of the communication; the date, time and place the communication was made and received and the identity of all witnesses to the communication.

(g) In lieu of identifying a particular document when such identification is requested, a copy of such document may, at your option, be attached to the response to these Interrogatories, provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such copy of a document must be separately provided in response to these Interrogatories.

(h) "Relationship" has the following meanings:

(1) a business relationship;

(2) a business affiliation; and

(3) a course of dealings.

(i) "State the basis." When an interrogatory calls upon a party to "state the basis" of or for a particular claim, assertion, allegation, or contention, the party shall:

(1) identify each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory.

(2) identify each and every communication which forms any part of the source of the party's information regarding the alleged facts or legal conclusions referred to by the interrogatory.

(3) state separately the acts or omissions to act on the part of any person (identifying the acts or omission to act by stating their nature, time, and place and identifying the persons involved) which form any part of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

(4) state separately any other fact which forms the basis of the party's information regarding the alleged facts or legal conclusions referred to in the interrogatory.

(j) As used herein, the term "referring to" or "relating to" shall mean in whole or in part stating, constituting, containing, embodying, reflecting, identifying, discussing, evaluating, examining, analyzing, reviewing, dealing with or in any way pertaining to.

(k) "Document" means and includes any printed, typewritten or handwritten matter or reproduction thereof of whatever character, including without limitation, letters, memoranda, telegrams, drawings, hand or typewritten notes, whether copies or originals, computer tapes, e-mails, disks, or printouts, whether or not actually generated.

(l) To "itemize" means to set forth by individual item the particulars of any damage claim to include the name of each person or entity to whom any funds have been paid comprising any item of damages claimed. As to any item which is an estimate, so indicate as well as the basis for any such estimate.

(m) As used herein, "You" or shall mean German Aldas Hermans Touch, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(n) As used herein, "Dalco" shall mean Dalco Incorporated of Arizona, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(o) As used herein, "Safeco" shall mean Safeco Insurance Company of America, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(p) The "Subcontract" shall mean the Subcontract Agreement entered into on or about July 2, 2003 between German Aldas Hermans Touch and Dalco with regard to the Project.

(q) As used herein, the "Project" shall mean the District of Columbia Superior Courts Building B – Interior Improvements, GSA Project No. GS-11 P-03-MKC-0005 located at 409 E Street, N.W., Washington, D.C.

(r) As used herein, the "Complaint" shall mean the complaint filed by German Aldas Hermans Touch in the United States District Court for the District of Columbia, Case No. 1:005VO1351.

## INTERROGATORIES

**INTERROGATORY NO.1**: State the name, address and area of expertise of each and every expert witness whom you propose to call at the trial of this matter; state the subject matter of the testimony, the factual basis and the finding and opinion to which the expert is expected to testify, a summary of the grounds for each opinion, and the terms of the expert's agreement with you; identify all reports, documents and tangible things reviewed or prepared by you or for the expert in anticipation of the expert's trial or deposition testimony, including all documents submitted to any such expert by you and any related correspondence, and provide all disclosures required under Federal Rule 26(a)(2).

**INTERROGATORY NO.2**: Identify any admissions against interest or admissions by a party opponent made by any party to this action, including the exact language of each such admission, the person making such admission, the date and time made, to whom made, the manner in which made, all persons with personal knowledge of the admission, and if the

admission was in written form, identify the document in which it is set forth and the current custodian of the document.

**INTERROGATORY NO.3**: Identify all depositions, statements, or affidavits received by you from any person or entity that relate to or refer to the allegations in the Complaint.

**INTERROGATORY NO.4**: Describe in detail all communications, including oral communications, between or among you and Dalco, referring to or relating to the Project, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

**INTERROGATORY NO.5**: State the basis for your allegation in paragraph 9 of your Complaint which states, "DALCO requested additional materials be provided and related services be performed."

**INTERROGATORY NO.6**: State the basis for your allegation in paragraph 11 of your Complaint which states, "Repeated demands have been made by Plaintiff upon DALCO who has failed and/or refused to make payment in the aforementioned principle amount."

**INTERROGATORY NO.7**: Describe in detail all communications, including oral communications, between or among you and any subcontractor or supplier of yours on the Project, referring to or relating to payment, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

**INTERROGATORY NO.8**: Identify in detail the last day you supplied any materials, or performed any services for the Project, and identify any communication, documentation, person, or other means that can support your answer.

**INTERROGATORY NO.9**: Describe in detail all communications, including oral communications, between or among you and the United States Government, acting in its capacity

as owner of the Project, referring to or relating to the allegations set forth in the Complaint, and identify all documents related thereto.

**INTERROGATORY NO.10**: Describe in detail all communications, including oral communications, between or among you and the United States Government, acting in its capacity as owner of the Project, referring to or relating to all work done on any project at the request of the United States Government, and identify all documents related thereto.

**INTERROGATORY NO.10**: Describe in detail all communications, including oral communications, between any other person, referring to or relating to the allegations set forth in the Complaint, and identify all documents related thereto.

**INTERROGATORY NO.11**: If you intend to rely upon documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages, provide a brief description by category and location, of all such documents and other tangible things, and identify all persons having possession custody or control of such documents and other tangible things.

**INTERROGATORY NO.12**: Itemize each and every item and/or component of the $92,035.00 in damages alleged in paragraph 10 of your Complaint, and state the basis for each component, identify the method of calculating each component, and identify all documents which support your claim.

**INTERROGATORY NO.13**: Set forth in detail all facts and identify all documents not previously identified upon which you rely, or which support, refer, relate, or make reference to the allegations in the Complaint.

/s/ Robert F. Carney
Robert F. Carney
D.C. Bar No. 436999
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, MD 21202
410-347-8700

Attorney for Defendant,
SAFECO INSURANCE COMPANY
OF AMERICA, ET AL.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of Aug., 2005, a copy of the foregoing Safeco Insurance Company of America's First Set of Interrogatories to German Aldas Hermans Touch was mailed first class, postage prepaid to: Adam R. Wilk, Legum & Wilk P.L.C, 4004 Williamsburg Court, Fairfax, VA 22032, Attorney for Plaintiff.

_____
Robert F. Carney