DEFENDANT'S EXHIBIT E

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUBMIA
Civil Division

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA ON BEHALF AND USE OF GERMAN ALDAS HERMANS TOUCH, | : : : : | |
| *Use Plaintiff/Plaintiff*, | : | |
| v. | : | CA #1:05CV01351 |
| DALCO INCORPORATED OF ARIZONA | : : : | |
| and | : | |
| SAFECO INSURANCE COMPANY OF AMERICA | : : : : | |
| *Defendants.* | : : | |

## PLAINTIFF'S ANSWERS TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES

Plaintiff, by counsel, in response to the First Set of Interrogatories served upon him by Defendant SAFECO INSURANCE COMPANY OF AMERICA, states as follows:

*Introduction*

(a) Since discovery has not been completed, these Answers cannot be considered to be comprehensive of allegations and evidence upon which Plaintiff will rely at trial, and therefore cannot be construed necessarily as Plaintiff's final and complete position as to any of the matters contained herein.

(b) The following Answers constitute Plaintiff's best efforts based on information presently available to him. The investigation and discovery in this case is ongoing; and accordingly, Plaintiff reserves the right to supplement, amend or furnish additional

information which subsequent investigation and/or discovery may reveal between the time of these Answers and the time of trial.

(c) To the best of Plaintiff's knowledge at this time, the Answers herein are true and correct. The exact wording and sentence structure of an Answer may be that of counsel, and do not purport to be that of the person executing these Answers.

(d) The information supplied in these Answers is not based solely on the knowledge of Plaintiff, but includes the knowledge of his agents and attorneys, unless privileged.

(e) When Plaintiff has an address or telephone number for any individual identified, it is included in these answers.

### *Answers to Interrogatories*

**INTERROGATORY NO.1**: State the name, address and area of expertise of each and every expert witness whom you propose to call at the trial of this matter; state the subject matter of the testimony, the factual basis and the finding and opinion to which the expert is expected to testify, a summary of the grounds for each opinion, and the terms of the expert's agreement with you; identify all reports, documents and tangible things reviewed or prepared by you or for the expert in anticipation of the expert's trial or deposition testimony, including all documents submitted to any such expert by you and any related correspondence, and provide all disclosures required under Federal Rule 26(a)(2).

ANSWER:    Plaintiff has not yet retained nor consulted with any expert witnesses. If the quality of Plaintiff's work becomes an issue, and Plaintiff determines such testimony is necessary, this answer will be amended.

**INTERROGATORY NO.2**: Identify any admissions against interest or admissions by a party opponent made by any party to this action, including the exact language of each such admission, the person making such admission, the date and time made, to whom made, the manner in which made, all persons with personal knowledge of the admission, and if the admission was in written form, identify the document in which it is set forth and the current custodian of the document.

ANSWER: At various times during the project, Mike Tingey and Gary Smith of TINGEY CONSTRUCTION COMPANY ("TINGEY") acknowledged that Defendant DALCO INCORPORATED OF ARIZONA owed Plaintiff about $90,000.00  In addition, Benito Rodriquez of IKER POINT, INC. also acknowledged that DALCO owed Plaintiff this sum of money. Plaintiff understood that TINGEY and then IKER and or Mr. Rodriquez were DALCO's agents and were handling the management aspect of the project.

**INTERROGATORY NO.3**: Identify all depositions, statements, or affidavits received by you from any person or entity that relate to or refer to the allegations in the Complaint.

ANSWER: None.

**INTERROGATORY NO.4**: Describe in detail all communications, including oral communications, between or among you and Dalco, referring to or relating to the Project, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER: Plaintiff had many conversations with TINGEY and IKER regarding the work he performed on the project. Documents Plaintiff has in his possession responsive to this interrogatory are attached to Plaintiff's Response to Defendant's Request for Production of Documents.

**INTERROGATORY NO.5**: State the basis for your allegation in paragraph 9 of your Complaint which states, "DALCO requested additional materials be provided and related services be performed."

ANSWER: DALCO, through TINGEY, requested Plaintiff to perform services which were in addition to those contained in his initial agreement with DALCO. Documents detailing this additional work are attached. to Plaintiff's Response to Defendant's Request for Production of Documents.

**INTERROGATORY NO.6**: State the basis for your allegation in paragraph 11 of your Complaint which states, "Repeated demands have been made by Plaintiff upon DALCO who has failed and/or refused to make payment in the aforementioned principle amount."

ANSWER:   Plaintiff had numerous conversations with TINGEY, IKER and DALCO concerning payment.   Most, if not all, of these were done orally, and Plaintiff is unsure as to the dates of such conversations.

**INTERROGATORY NO.7**: Describe in detail all communications, including oral communications, between or among you and any subcontractor or supplier of yours on the Project, referring to or relating to payment, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER:   None.

**INTERROGATORY NO.8**: Identify in detail the last day you supplied any materials, or performed any services for the Project, and identify any communication, documentation, person, or other means that can support your answer.

ANSWER:   Plaintiff last did "punch list" work on the project on July 12, 2004.

**INTERROGATORY NO.9**: Describe in detail all communications, including oral communications, between or among you and the United States Government, acting in its capacity as owner of the Project, referring to or relating to the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER:   None.

**INTERROGATORY NO.10**: Describe in detail all communications, including oral communications, between or among you and the United States Government, acting in its capacity as owner of the Project, referring to or relating to all work done on any project at the request of the United States Government, and identify all documents related thereto.

ANSWER:   None.

**INTERROGATORY NO.10**: Describe in detail all communications, including oral communications, between any other person, referring to or relating to the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER: Plaintiff had numerous conversations with Moshen Grayeli of CMDR Associates, Inc., the project's job inspector, regarding the work he performed on the project and the outstanding balance owed to him.

**INTERROGATORY NO.11**: If you intend to rely upon documents or other tangible things to support a position that you have taken or intend to take in this action, including any claim for damages, provide a brief description by category and location, of all such documents and other tangible things, and identify all persons having possession custody or control of such documents and other tangible things.

ANSWER: If the quality of Plaintiff's work becomes an issue, Plaintiff intends to rely upon his finished work product. That work product is located at the D.C. Superior Courthouse.

**INTERROGATORY NO.12**: Itemize each and every item and/or component of the $92,035.00 in damages alleged in paragraph 10 of your Complaint, and state the basis for each component, identify the method of calculating each component, and identify all documents which support your claim.

ANSWER: The amount has been determined as follows:

| Invoice # | Amount |
|---|---|
| 148 | $14,145.00 |
| 188 | $18,700.00 |
| 189 | $ 3,590.00 |
| 190 | $12,900.00 |
| 125 | $28,000.00 |
| 126 | $15,500.00 |

Copies of these invoices detailing the work performed are attached to Plaintiff's Response to Defendant's Request for Production of Documents.

**INTERROGATORY NO.13**: Set forth in detail all facts and identify all documents not previously identified upon which you rely, or which support, refer, relate, or make reference to the allegations in the Complaint.

ANSWER: None.

STATE OF:
COUNTY OF:

SWORN and SUBSCRIBED to before me this __ day of _____, 2005.

_____
Notary Public

Respectfully submitted,

LEGUM & WILK, P.L.C.

By: _____
Adam R. Wilk, #418676
4004 Williamsburg Court
Fairfax, VA  22032
(703) 385-6700

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 12 day of October, 2005 to:

Robert F. Carney, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Baltimore, MD  21202

_____
Adam R. Wilk