

# WHITEFORD, TAYLOR & PRESTON L.L.P.

210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
TELEPHONE 410 832-2000
FAX 410 832-2015

20 COLUMBIA CORPORATE CENTER
10-20 LITTLE PATUXENT PARKWAY
SUITE 495
COLUMBIA, MARYLAND 21044-3528
TELEPHONE 410 884-0700
FAX 410 884-0719

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626
410 347-8700
FAX 410 234-2362
www.wtplaw.com

TELEPHONE 202 659-6800
FAX 202 331-0573

115 ORONOCO STREET
ALEXANDRIA, VIRGINIA 22314-1685
TELEPHONE 703 836-5742
FAX 703 836-3558

NICHOLE M. VELASQUEZ
DIRECT NUMBER
410 347-9426
NVelasquez@wtplaw.com

October 19, 2005

Adam R. Wilk
4004 Williamsburg Court
Fairfax, VA 22032
Attorney for German Aldas Hermans Touch

Re:  Answers to Discovery Requests
     Our File No. 2727/6

Dear Mr. Wilk:

I am writing in regards to the Answers that Plaintiff German Aldas Hermans Touch provided to Safeco's Interrogatories and Request for Production of Documents. Several of the Answers provided by Plaintiff were inadequate and failed to provide the information requested by Safeco.

Plaintiff's Answers to Interrogatories No. 2, No. 4, No. 5 and No. 6 allude to oral conversations that the Plaintiff had with representatives from Dalco, Tingey and Iker Point in which he cannot remember the dates. However, the questions asked for more detail, such as, what exactly was said at these conversations, who was present during any of these conversations, at what stage in the construction did these conversations take place, when and where the alleged additional work was requested to be performed, and who actually gave Plaintiff the express authority to complete any alleged additional work.

The Answer to Interrogatory No. 7 states that Plaintiff did "punch list" work for the Project on July 12, 2004. However, it fails to "identify" any person, documentation or other means that can support that answer as requested in the Interrogatory. To "identify" a person means to state the person's full name, title and job description (if applicable), telephone number, residence address and business address, or, if the current address is unknown, the last known residence or business address. While

Adam R. Wilk
October 19, 2005
Page 2

Plaintiff has stated that Moshen Grayeli was an inspector who saw him performing the "punch list" work on July 12, 2004, however, Plaintiff has not provided a telephone number for Mr. Grayeli or to whom Mr. Grayeli was employed by for purposes of this Project. Additionally, to "identify" a document means,

> to state a description of the type of document (e.g., letter, memorandum, telegram, agreement, contract, etc.); the identity of the person or persons who authored or prepared it; the identity of the parties signatory; the identity of the addresses, if any, and the recipients of the original and any copy; the title, if any, and a description of the general nature of its subject matter; the date on the document or correspondence or, if none, the approximate date of its preparation; the manner of distribution and publication, if any; the present location or custodian of the original and each copy thereof; the identity of any persons who can identify it; whether such documents contained, enclosed, or are attached to or accompanied by any other documents, and if so, state the identity thereof. If any privilege is claimed, state the specific basis therefore.

Plaintiff did not provide any of the documentation necessary to confirm his presence on the Project on July 12, 2004.

In response to Interrogatory No. 10, Plaintiff was asked to describe in detail all communications with other individuals previously unmentioned with whom he had spoken to in regards to his Complaint. Plaintiff stated that he talked numerous times with Moshen Grayeli. Again, we do not know for whom Mr. Grayeli was working for or how to contact him by telephone. In addition, there is no other information regarding these conversations, such as, what was said, who else was present to hear what was said and the stage of construction when these conversations took place. All of these responses were required by the Interrogatory.

Finally, Plaintiff's Answer to Interrogatory No. 12 gives a list of his alleged damages and the invoices on which those damages can be found on. However, Plaintiff fails to "state the basis" of the alleged damages claim because there is no itemization or breakdown of how the amounts were calculated. The invoices are unclear, at best, and do not provide for how the amounts constitute a change order under the existing contract. In addition, many of the invoices are typewritten duplicates of other invoices

Adam R. Wilk
October 19, 2005
Page 3

and have the date of June 30, 2003, a few days prior to when the Plaintiff signed the Contract with Dalco.

I have also attempted to review the documents that were provided by German Aldas Hermans Touch in response to Safeco's Request for Production of Documents to see if they complied with the requests, however, as stated above most of them were extremely confusing and some border on illegible. Many of the invoices provided are duplicates and/or compilations of other invoices and the type-written ones all have the date of 6-30-03, days prior to when Plaintiff signed the Contract with Dalco. In addition, the documents are entitled 'Job Invoice' and do not reflect why they are alleged to be change orders in this litigation.

I request that you promptly amend German Aldas Herman Touch's Answers to Safeco's Interrogatories and provide an explanation of the documents provided in response to Safeco's Request for Production of Documents. Please do not hesitate to contact me with any questions or concerns regarding this request.

Very truly yours,

Nichole M. Velasquez

NV:nv

Adam R. Wilk
October 19, 2005
Page 4


bcc:   Gary Smith
       Bruce Echigoshima

*1645131*

Case 1:05-cv-01351-JDB    Document 18-7    Filed 01/25/2006    Page 4 of 4