UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA : <br> ON BEHALF AND USE OF : <br> GERMAN ALDAS HERMANS TOUCH, : <br>   : <br> *Use Plaintiff/Plaintiff*, : <br> v. : <br>   : <br> DALCO INCORPORATED OF : <br> ARIZONA : <br>   : <br> and : <br>   : <br> SAFECO INSURANCE COMPANY : <br> OF AMERICA : <br>   : <br> *Defendants.* : <br> _____: | CA #1:05CV01351 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, by counsel and pursuant to the Rule 56 of the Federal Rules of Civil Procedure and the Local Rule 56.1 of this Court, opposes Defendants' Motion for Summary Judgment ("Defendants' Motion") and, in support thereof, states as follows:

**Statement of Facts**

Plaintiff filed the instant action on June 30, 2005 seeking to recoup monies owed to him for his work on Dalco Project GS22-004-000, D.C. Superior Court, Building B, Interior Improvements, located at 409 E. Street, NW, Building B, Washington, D.C. (the "Project"). The Project entailed the renovation of a building that would house part of the D.C. Superior Court.

In his three (3) count Complaint, Plaintiff raises claims against Defendants under

the Federal Miller Act, 40 U.S.C. §1331-1334 (2005) (Count I) and against Defendant Dalco Incorporated of Arizona ("Dalco") for breach of contract (Count II) and/or *quantum meruit*/unjust enrichment (Count III).  As properly noted by Defendants in their Motion, Plaintiff's claim under the Miller Act must have been filed within one (1) year of the day on which Plaintiff last performed labor or supplied material to the Project. 40 U.S.C. §3133(b)(4).  In their Motion, Defendants contend that they are entitled to summary judgment alleging that Plaintiff can provide no evidence to support his allegation that his Miller Act claim was timely filed.  For the reasons set forth below, their Motion must be denied.

## Standard of Review

Summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Summary judgment is an extreme remedy that should only be granted when it is "quite clear where the truth is." *McCoy v. Quadrangle Development Corporation,* 470 A.2d 1256, 1258 (D.C. 1983).  The party opposing the motion need only show that there is sufficient evidence supporting the claimed factual issue to require the jury to resolve the parties' differing versions of the truth. *McCoy,* 470 A.2d at.1259. *See also Weishapl v. Sowers*, 771 A.2d 1014, 1020 (D.C. 2001) [holding that to defeat a motion for summary judgment, the non-movant need only show a "plausible" ground upon which to maintain his claim.]. The moving parties' papers are to be "closely scrutinized" while the non-movant's materials are to be treated "indulgently". *Fry v. Diamond Construction, Inc.* 659 A.2d 241, 246 (D.C. 1995).

At the summary judgment stage, the Court may not resolve issues of fact or weigh evidence. *Fry*, 659 A.2d at 245 *quoting Nader v. de Toldeano*, 408 A.2d 31, 50 (D.C.) *cert denied* 444 U.S. 1078 (1980). *See also Anderson, et al v. Liberty Lobby, Inc., et al.*, 477 U.S. 242, 249 (1986) [holding that the trial judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial]. "Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of the judge… The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson, et al,* 477 U.S. at 255. Any doubt as to whether or not an issue of fact has been raised is sufficient to preclude the entry of summary judgment.[1] *McCoy,* 470 A.2d at 1259. *See also Turner v. American Motors General Corp.*, 392 A.2d 1005, 1006 (D.C. 1978) [holding that any doubt as the existence of a factual dispute is to be resolved against the movant]. Accordingly, if a reasonable jury could return a verdict for the non-movant, summary judgment is not appropriate. *Anderson,* 477 U.S. at 248.

**Argument**

I. **DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT AS A GENUINE ISSUE OF FACT EXISTS REGARDING THE LAST DAY PLAINTIFF PERFORMED WORK OR SUPPLIED MATERIALS TO THE PROJECT PURSUANT TO HIS CONTRACTUAL OBLIGATIONS WITH DALCO.**

---

[1] It must be noted that Plaintiff has not had an opportunity to conduct any discovery on Dalco. This discovery might have resulted in the discovery of additional evidence in support of this Opposition. The Court will note that the default entered against Dalco was not vacated until January 27, 2006, resulting in this Opposition being due prior to the date on which any discovery that could have been propounded upon Dalco would have become due.

Under this rubric, Plaintiff, in order to overcome Defendants' Motion, need only show that a genuine issue of fact exists regarding the last day upon which he performed work on or supplied materials to the Project pursuant to his contractual obligations with Dalco. Put another way, to survive Defendants' Motion, Plaintiff need only produce evidence sufficient for a reasonable jury to conclude that he was performed work on the Project pursuant to his contractual obligations with Dalco after June 30, 2004. Both Mohsen Grayeli and Joseph Sanchez, two (2) individuals with no stake in the outcome of this litigation, have provided affidavits to support the fact that Plaintiff was performing work on the Project pursuant to his contractual obligations with Dalco after this date.

In July, 2004, Mr. Grayeli was employed by CMDR Associates, which had been hired by the District of Columbia Courts to represent their interests in the Project. *See Affidavit of Mohsen Grayeli ("Grayeli Affidavit"), ¶¶2 and 3, attached as Exhibit 1*. In his Affidavit, Mr. Grayeli affirms that he personally witnessed Plaintiff performing work on the Project during the month of July 2004[2]. *See Grayeli Affidavit, ¶4*. Mr. Grayeli even identifies the exact work he witnessed Plaintiff perform:

> …Among other jobs I witnessed [Plaintiff] doing during the month of July, 2004 was striping and refinishing of the window moldings, the removal of hundreds of existing grommets and his installation of hundreds of new and different grommets on the window trims…

*See Grayeli Affidavit, ¶4.*

---

[2] In support of their Motion, Defendants submitted the affidavit of Nichole Velasquez, an associate attorney in the offices of their counsel. Ms. Velasquez claims to have spoken with Mr. Grayeli and claims that he told her that Plaintiff last performed work on the Project in June 2004. *See Affidavit of Nichole Velasquez attached to Defendants' Motion as Exhibit G, ¶4*. In his Affidavit, however, Mr. Grayeli affirms that Plaintiff was performing work on the Project in July, 2004. *See Grayeli Affidavit, ¶4*. As the affirmations on this crucial point are diametrically opposed to each other, not only is there a genuine issue of fact that precludes the entry of summary judgment, but also Ms. Velasquez has now placed herself in the uncomfortable position of possibly being a witness.

Similarly, Mr. Sanchez, who at all pertinent times herein was employed by the District of Columbia Courts as Administrative Officer and Procurement Officer, also affirms that Plaintiff was working on the Project after June 30, 2004. *See Affidavit of Joseph E. Sanchez ("Sanchez Affidavit"), ¶¶2, 3 and 4, attached as Exhibit 2.* In his Affidavit, Mr. Sanchez affirms that he is familiar with the work Plaintiff performed on the Project and that he remembers the specific items of work he saw Plaintiff performing during the period from July 14, 2004 through September 12, 2004. *See Sanchez Affidavit, ¶¶3 and 4.* Given a recent chance to review a list of the work Plaintiff claims to have performed during this time period, Mr. Sanchez found Plaintiff's recollection of the work he performed, the dates the work was performed and the time it took him to perform the work to "be true and correct." *See Sanchez Affidavit, ¶5.* Moreover, Mr. Sanchez' recollection of some of the work Plaintiff performed during this time period is consistent with the work detailed in and billed for by Plaintiff in two (2) of the Additional Work Orders. *See Exhibit A to Sanchez' Affidavit and Affidavit of German Aldas ("Aldas Affidavit"), ¶¶4, 11-14 and Exhibits A and B thereto, attached as Exhibit 3.*

Plaintiff, in his own affidavit, directly contradicts many of the affirmations made in the Affidavits of Gary Smith and Ryan Smith that Defendants submitted in support of their Motion. In his affidavit, Plaintiff goes into great detail about the Project, including the fact that Dalco had removed Tingey from the Project in November 2003 for alleged malfeasance and that Tingey did not return to the Project until June 2004. *See Aldas Affidavit, ¶¶5, 6 and 7.* Defendants attempt to gloss over this fact as no mention of their, or Tingy's, absence from the Project for this seven (7) month period is made in either of the affidavits. Instead, Ryan Smith claims to have been on the Project from January 2003

through July 2004 (*See Affidavit of Ryan Smith attached to Defendants' Motion as Exhibit I, ¶1*) and Gary Smith claims to have been on the Project from January 2003 through August 2004 (*See Affidavit of Gary Smith attached to Defendants' Motion as Exhibit H, ¶1*).  Further, Mr. Aldas affirms that Tingey, through Mike Tingey, Gary Smith or Ryan Smith, telephoned him and required him to attend a June 10, 2004 meeting regarding the Project.  *See Aldas Affidavit,* ¶7.  If Plaintiff's work was completed in October 2003, as Gary Smith claims in his Affidavit (*see ¶9 of his Affidavit*), or in November 2003, as Ryan Smith claims in his Affidavit (*see ¶8 of his Affidavit*), what need would there have been for Plaintiff to attend a meeting in June 2004?  To confirm his attendance at this meeting, Plaintiff has produced a sign-in sheet from that meeting which clearly indicates his, as well as Ryan Smith's, presence at that meeting.  *See Aldas Affidavt, ¶8 and Exhibit C thereto.*   This is important as the sign-in sheet directly contradicts Mr. Smith affirmation that the "last time [he] saw German Aldas on the Project was in November of 2003" (*See Ryan Smith's Affidavit, ¶8).*

In their respective Affidavits, both Gary Smith and Ryan Smith candidly admit that they were only on the Project site for a limited number of days during the month of July 2004.  In fact, Gary Smith affirms he was on the Project for only two (2) days during that month (*see ¶4 of his Affidavit)* and Ryan Smith affirms he was on the Project during that month for only three (3) days *(see ¶3 of his Affidavit)*.  Even assuming, *argeundo,* that the Smiths were at the Project on five (5) different days in July 2004, that leaves twenty-six (26) days during that month on which Plaintiff could have performed work on the Project pursuant to his contractual obligations with Dalco.  Given that Plaintiff performed his work after-hours and/or on weekends (*see Aldas Affidavit, ¶10)* and in

light of the Smiths' admitted limited attendance at the Project during July 2004, it is not surprising that they did not see Plaintiff working on the Project during that month. The fact that the Smiths did not see Plaintiff performing work on the Project in July 2004 is not determinative of whether Plaintiff actually performed work on the Project during that month pursuant to this contractual obligations with Dalco. Equally as non-determinative are the Smiths' affirmations that they did not tell Plaintiff to do any work on the Project in July 2004. *See Gary Smith's Affidavit, ¶6 and Ryan Smith's Affidavit, ¶5.* As Plaintiff affirms in his Affidavit, the Smiths were not the only persons he was expressly told to take orders and directions from. *See Aldas Affidavit, ¶3.* As much as Defendants would like this Court to make these leaps of faith, the Court should not do so.

Plaintiff, in his affidavit, has set forth with specificity the work he performed and the materials he provided to the Project pursuant to his contractual obligations with Dalco after June 30, 2004. *See Aldas Affidavit, ¶11-15 and Exhibits A, B and D thereto.* Moreover, he has produced a receipt dated July 13, 2004 evidencing his purchase of 900 grommets for use on the Project. *See Aldas Affidavit, ¶12 and Exhibits A and D thereto.* This evidence along with the Affidavits of Mr. Grayeli, Mr. Sanchez and Plaintiff, when viewed in the light most favorable to the Plaintiff and giving Plaintiff the benefit of all justifiable inferences which could be drawn from this evidence, clearly demonstrates the existence of a material fact which precludes the Court's granting of Defendants' Motion[3].

---

[3]     Plaintiff has supplemented his prior interrogatory response and his prior response to Safeco's production request. A copy of Plaintiff's supplemental interrogatory response is attached as *Exhibit 4* hereto. Plaintiff has previously forwarded additional documents responsive to Safeco's production request to Defendants' counsel and some of those documents are attached to the Aldas Affidavit attached as *Exhibit 3*.

## II. EVEN ASSUMING, ARGUENDO, THAT PLAINTIFF'S CLAIM UNDER THE MILLER ACT IS BARRED, COUNTS II AND III OF PLAINTIFF'S COMPLAINT SURVIVE.

Defendants contend that if the Court grants their Motion, this matter must be dismissed. That is not the case, however. Count II and Count III of the Complaint are subject to a three (3) year statute of limitations date. D.C. CODE 12-301(7). This Court would retain jurisdiction over those claims under its diversity jurisdiction, 28 U.S.C. §1332. Accordingly, even if the Court finds that Plaintiff's Miller Act claim is barred, the remaining Counts contained in Plaintiff's Complaint against Dalco would survive.

### Conclusion

Plaintiff submits that there remains a genuine issue of fact as to whether he performed work on the Project pursuant to his contractual obligations with Dalco on or after June 30, 2004. As such, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,

LEGUM & WILK, P.L.C.

By: /s/ Adam R. Wilk
    Adam R. Wilk, #418676
    4004 Williamsburg Court
    Fairfax, VA  22032
    (703) 385-6700

Counsel for Plaintiff

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing as well as Plaintiff's Statement of Points and Authorities in support of the foregoing, Plaintiff's Statement of Genuine Issue Which Precludes the Granting of Summary Judgment and proposed order were electronically filed or mailed, postage prepaid, this 21st day of February, 2006 to:

Robert F. Carney, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Baltimore, MD  21202

                                            /s/Adam R. Wilk
                                            Adam R. Wilk

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA : <br> ON BEHALF AND USE OF      : <br> GERMAN ALDAS HERMANS TOUCH, : <br>                              : <br>     *Use Plaintiff/Plaintiff*,   : <br> v.                           : <br>                              : <br> DALCO INCORPORATED OF        : <br> ARIZONA                      : <br>                              : <br> and                          : <br>                              : <br> SAFECO INSURANCE COMPANY     : <br> OF AMERICA                   : <br>                              : <br>     *Defendants.*            : <br> _____: | CA #1:05CV01351 |

**PLAINITFF'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. Federal Rule of Civil Procedure 56;

2. United States District Court for the District of Columbia Local Rule 56.1;

3. Federal Miller Act, 40 U.S.C. §1331-1334 (2005);

4. *McCoy v. Quadrangle Development Corporation*, 470 A.2d 1256 (D.C. 1983);

5. *Weishapl v. Sowers*, 771 A.2d 1014 (D.C. 2001);

6. *Fry v. Diamond Construction, Inc.*, 659 A.2d 241 (D.C. 1995);

7. *Nader v. de Toldeano*, 408 A.2d 31 (D.C.) *cert. denied* 441 U.S. 1078 (1980);

8. *Anderson v. Liberty Lobby, Inc., et al.*, 447 U.S. 242 (1986);

9. *Turner v. American Motors General Corp.*, 392 A.2d 1005 (D.C. 1978).

Respectfully submitted,

LEGUM & WILK, P.L.C.

By: /s/Adam R. Wilk
Adam R. Wilk, #418676
4004 Williamsburg Court
Fairfax, VA 22032
(703) 385-6700

Counsel for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA : <br> ON BEHALF AND USE OF : <br> GERMAN ALDAS HERMANS TOUCH, : <br> : <br> *Use Plaintiff/Plaintiff*, : <br> v. : <br> : <br> DALCO INCORPORATED OF : <br> ARIZONA : <br> : <br> and : <br> : <br> SAFECO INSURANCE COMPANY : <br> OF AMERICA : <br> : <br> *Defendants.* : <br> _____: | CA #1:05CV01351 |

**PLAINTIFF'S STATEMENT OF GENUINE ISSUES WHICH PRECLUDE THE GRANTING OF SUMMARY JUDGMENT**

Plaintiff, by counsel and pursuant to the Rule 56 of the Federal Rules of Civil Procedure and the Local Rule 56.1 of this Court, submits that the following material fact is in dispute which prohibit granting Defendants' Motion for Summary Judgment:

A genuine issue of fact exists as to whether Plaintiff has complied with the limitations period contained in the Federal Miller Act, 40 U.S.C. §1331-1334 (2005) (the "Act"). Under the Act, Plaintiff had to bring his claim within one (1) year of the day on which he last provided labor or supplied material to the Project. Plaintiff contends that he was working on the Project pursuant to his contractual obligations with Defendant Dalco Incorporated of Arizona after June 30, 2004 and that, therefore, his claim was filed within one (1) year of the last date on which he provided labor or supplied materials to the

Project. The facts to support this genuine issue of fact are set forth in detail in Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment which is being filed contemporaneously herewith.

                                      Respectfully submitted,

                                      LEGUM & WILK, P.L.C.

By:   /s/Adam R. Wilk
       Adam R. Wilk, #418676
       4004 Williamsburg Court
       Fairfax, VA 22032
       (703) 385-6700

       Counsel for Plaintiff

Case 1:05-cv-01351-JDB   Document 22   Filed 02/21/2006   Page 14 of 14