### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUBMIA
#### Civil Division

THE UNITED STATES OF AMERICA
ON BEHALF AND USE OF
GERMAN ALDAS HERMANS TOUCH,

*Use Plaintiff/Plaintiff,*

v.

CA #1:05CV01351

DALCO INCORPORATED OF
ARIZONA

and

SAFECO INSURANCE COMPANY
OF AMERICA

*Defendants.*

### PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES

Plaintiff, by counsel, supplements his answers to the First Set of Interrogatories served upon him by Defendant SAFECO INSURANCE COMPANY OF AMERICA, as follows:

#### Introduction

(a) Since discovery has not been completed, these Answers cannot be considered to be comprehensive of allegations and evidence upon which Plaintiff will rely at trial, and therefore cannot be construed necessarily as Plaintiff's final and complete position as to any of the matters contained herein.

(b) The following Answers constitute Plaintiff's best efforts based on information presently available to him. The investigation and discovery in this case is ongoing; and accordingly, Plaintiff reserves the right to supplement, amend or furnish additional information which subsequent investigation and/or discovery may reveal between the time of these Answers and the time of trial.

(c) To the best of Plaintiff's knowledge at this time, the Answers herein are true and correct. The exact wording and sentence structure of an Answer may be that of counsel, and do not purport to be that of the person executing these Answers.



PLAINTIFF'S EXHIBIT 4

(d) The information supplied in these Answers is not based solely on the knowledge of Plaintiff, but includes the knowledge of his agents and attorneys, unless privileged.

(e) When Plaintiff has an address or telephone number for any individual identified, it is included in these answers.

*Answers to Interrogatories*

**INTERROGATORY NO.3**: Identify all depositions, statements, or affidavits received by you from any person or entity that relate to or refer to the allegations in the Complaint.

ANSWER: Subsequent to the filing of Defendants' Motion for Summary Judgment, Plaintiff obtained affidavits from Mohsen Grayeli and Joseph Sanchez of the District of Columbia Courts. These affidavits were obtained to refute the Defendants' claim that Plaintiff did not perform work on the Project that is the subject of this litigation pursuant to his contractual obligations to DALCO INCORPORATED OF ARIZONA ("DALCO") after June 30, 2004. Copies of these Affidavits are attached to Plaintiff's Memorandum in Opposition to Defendants Motion for Summary Judgment as *Exhibits A and B*, respectively.

**INTERROGATORY NO.4**: Describe in detail all communications, including oral communications, between or among you and Dalco, referring to or relating to the Project, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER: Plaintiff had many such communications with DALCO, TINGEY CONSTRUCTION COMPANY ("TINGEY") and IKER POINT, INC. ("IKER") Documents Plaintiff has in his possession responsive to this interrogatory were previously produced in Plaintiff's Response to Defendant's Request for Production of Documents and were supplemented by letters dated January 31, 2006 and February 15, 2006. A number of these communications are detailed in Plaintiff's Affidavit that is

attached to Plaintiff's Memorandum in Opposition to Defendants Motion for Summary Judgment as *Exhibit C*.

**INTERROGATORY NO.5**: State the basis for your allegation in paragraph 9 of your Complaint which states, "DALCO requested additional materials be provided and related services be performed."

ANSWER:  Employees and/or representatives of DALCO and/or TINGEY, requested Plaintiff to perform services that were in addition to those contained in his initial agreement with DALCO. Documents Plaintiff has in his possession responsive to this interrogatory were previously produced in Plaintiff's Response to Defendant's Request for Production of Documents and were supplemented by letters dated January 31, 2006 and February 15, 2006. Also please see Plaintiff's Affidavit attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment as *Exhibit C*.

**INTERROGATORY NO.6**: State the basis for your allegation in paragraph 11 of your Complaint which states, "Repeated demands have been made by Plaintiff upon DALCO who has failed and/or refused to make payment in the aforementioned principle amount."

ANSWER:  Plaintiff had numerous conversations with TINGEY, IKER and DALCO concerning payment. Most, if not all, of these were done orally, and Plaintiff is unsure as to the dates of such conversations. In June 2004, prior to returning to work on the Project, Plaintiff was advised by Ryan Smith of TINGEY that he would only be paid for the work he had previously provided if he completed all work required under his contractual obligations with DALCO.

**INTERROGATORY NO.7**: Describe in detail all communications, including oral communications, between or among you and any subcontractor or supplier of yours on the Project, referring to or relating to payment, and/or the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER: On February 15, 2006, my counsel supplemented my response to Defendants document request by producing an invoice dated July 13, 2004 from W&H Interiors detailing Plaintiff's purchase of 900 grommets for use on the Project.

**INTERROGATORY NO.8**: Identify in detail the last day you supplied any materials, or performed any services for the Project, and identify any communication, documentation, person, or other means that can support your answer.

ANSWER: Plaintiff last did work on the Project on September 12, 2004. Some of the work that Plaintiff performed between July 14, 2004 through September 12, 2004 is detailed in the Affidavits of Mohsen Grayeli, Joseph Sanchez and Plaintiff which are attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment as *Exhibits A, B and C*, respectively.

**INTERROGATORY NO.10**: Describe in detail all communications, including oral communications, between any other person, referring to or relating to the allegations set forth in the Complaint, and identify all documents related thereto.

ANSWER: Plaintiff had numerous conversations with Moshen Grayeli previously of CMDR Associates, Inc., the project's job inspector, regarding the work he performed on the project and the outstanding balance owed to him. Plaintiff had similar conversations with Joseph Sanchez of the District of Columbia Courts. Their affidavits are attached to Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment as *Exhibits A and B,* respectively.

_____
German Aldas

STATE OF:
COUNTY OF:

SWORN and SUBSCRIBED to before me this 21st day of February, 2006.

MY COMMISSION EXPIRES: 10/31/07

_____
Notary Public

Respectfully submitted,

LEGUM & WILK, P.L.C.

By: _____
Adam R. Wilk, #418676
4004 Williamsburg Court
Fairfax, VA  22032
(703) 385-6700

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, and telefaxed this 21st day of February, 2006 to:

Robert F. Carney, Esquire
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Baltimore, MD  21202

_____
Adam R. Wilk