UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA
ON BEHALF AND USE OF GERMAN
ALDAS HERMANS TOUCH,

    Plaintiff,

        v.

DALCO INCORPORATED OF
ARIZONA, et al.,

    Defendants.

Civil Action No. 05-1351 (JDB)

## ORDER

Plaintiff filed this action under the Miller Act, 40 U.S.C. §§ 1331-1334, on June 30, 2005, claiming that defendants owe him $113,468.00 for additional services that he was asked to perform in connection with a construction contract regarding the D.C. Superior Courts Building B-Interior Improvements Project ("the project"). On January 25, 2006, defendants moved for summary judgment in their favor on the grounds that plaintiff last performed contract duties for the project before June 30, 2004, and therefore failed to file his action within the one-year statute of limitations imposed by the Miller Act. Plaintiff filed a memorandum in opposition, claiming that he was still performing "punch-list" duties for the project on July 12, 2004, and providing new evidence that was not made available to defendants during discovery in support of his contentions. Defendants argue that the Court should not consider plaintiff's new evidence because they were not afforded an opportunity to explore this evidence during discovery, despite their repeated requests for documentation of this nature.

The Court considers plaintiff's failure to provide defendants with access to this evidence before the close of the discovery period extremely irresponsible. However, there are no allegations of bad faith -- defendants only allege a failure on the part of plaintiff to expeditiously take stock of supporting documentation that was contained in certain boxes within plaintiff's control throughout the discovery period. Although plaintiff's actions have caused considerable inefficiency and inconvenience, the Court is not convinced that it should disregard the new evidence altogether. Hence, the appropriate course of action is to re-open discovery for the limited purpose of allowing defendants an opportunity to explore the new evidence. During this time, plaintiff shall make every effort expeditiously and comply fully with the defendants' discovery requests -- the Court will not look so leniently on similar failures in the future.

Accordingly, upon consideration of defendants' motion, the memoranda of the parties, and the entire record herein, it is this third day of April, 2006, hereby

**ORDERED** that defendants' motion is **DENIED**; it is further

**ORDERED** that discovery will be re-opened for a period not to exceed sixty (60) days from the date of this Order, until June 3, 2006, for the sole purpose of providing defendants with an opportunity to explore plaintiff's new evidence; and it is further

**ORDERED** that the parties shall appear for a Status Conference on June 5, 2006 at 9:00 a.m.

**SO ORDERED**.

                                    /s/    John D. Bates
                                       JOHN D. BATES
                                  United States District Judge

*Copies to*:

Adam Ross Wilk
LEGUM & WILK, P.L.C.
4004 Williamsburg Court
Fairfax, VA 22032
(703) 385-6700
Email: awilk@legumwilk.com

>*Counsel for plaintiff*

Cynthia E. Rodgers-Waire
WHITEFORD, TAYLOR & PRESTON
7 St. Paul Street
Baltimore, MD 21202-1697
(410) 347-8723
Fax: (410) 347-9412
Email: crodgers-waire@wtplaw.com

John J. Hathway
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036-5410
(202) 659-6800
Fax: (202) 331-0573
Email: jhathway@wtplaw.com

John Vincent Church
WHITEFORD, TAYLOR & PRESTON
First Union Tower
Seven Saint Paul Street
Baltimore, MD 21202-1626
(410) 347-8752

Jane S. Dudley
WHITEFORD, TAYLOR & PRESTON, LLP
1025 Connecticut Avenue, NW
Suite 400
Washington, DC 20036
(202) 659-6769
Fax: (202) 331-0573
Email: jdudley@wtplaw.com

>*Counsel for defendants*